ANNIE BRESNAHAN, administratrix, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     January 13, 1913. — November 25, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Verdict, Exceptions, New trial, Amendment after verdict. *Negligence,* Street railway.

In an action of tort for personal injuries, where the declaration contains three counts each alleging a different form of negligence on the part of the defendant, if the presiding judge refuses to rule that the plaintiff cannot recover on any of the counts and submits the case on all the counts to the jury, who return a general verdict for the plaintiff, an exception to the judge's ruling must be sustained unless the plaintiff was entitled to go to the jury on each of the three counts, or unless, as in the present case, the plaintiff may be permitted to amend his declaration after the verdict.

In an action against a corporation operating a street railway for personal injuries, where the declaration contains a count for alleged negligence of the defendant

in permitting the use of a defective, unsafe and dangerous mechanism, if there is evidence tending to show that, when the plaintiff's intestate was seated on the front seat of an open car of the defendant, the door of the controller box in front of the motorman flew open and a shower of sparks came out and fell upon the plaintiff's intestate, the plaintiff is entitled to go to the jury upon this count of his declaration.

In an action against a corporation operating a street railway for personal injuries, where the declaration contains a count for alleged negligence in failing to inspect properly the car on which the plaintiff was a passenger, if there is evidence that the accident was caused by a defect in the controller of the car in front of the motorman, that the car was an old one, although "just out of the shop," and that the inspector whose duty it was to inspect it had one hundred and forty cars to inspect weekly, and if it appears that the motorman adjusted the controller immediately after the accident and this motorman is not called as a witness and his absence is not accounted for, the plaintiff is entitled to go to the jury upon this count of his declaration.

In an action against a corporation operating a street railway for personal injuries, where the declaration contained three counts, the first alleging negligence in operation, the second alleging negligence in permitting the use of a defective mechanism and the third alleging negligence in failing to inspect the car properly, and there was evidence warranting a verdict for the plaintiff on the second and third counts but no evidence of negligence in the operation of the car, whereupon the presiding judge, against the defendant's exception, refused to rule that the plaintiff could not recover on any of the counts and submitted the case on all the counts to the jury, who returned a general verdict for the plaintiff, this court, although of the opinion that the ruling of the judge was wrong in relation to the first count, found from an inspection of the record that the case had been tried fully upon its merits and that the question of the defendant's general negligence had been submitted to the jury under appropriate instructions so that the ends of justice did not require another jury trial, and, therefore, ordered that, if within a time named the Superior Court should allow the plaintiff to amend his declaration by adding a count for general negligence, the exceptions should be overruled; otherwise, that they should be sustained.

MORTON, J.  The plaintiff and her sister, the intestate, were sitting directly behind the motorman on the front seat of an open car operated by the defendant, which was proceeding northerly along Washington Street in Boston at the ordinary rate of speed, when the box in front of the motorman, containing the controller, flew open and a shower of sparks fell over the plaintiff and her sister, burning their dresses and also burning the left hand of the intestate and burning the hand of a man sitting on the left of the plaintiff, and causing the car to come to a sudden stop and to throw the intestate "from her feet," and to come "back into the seat and in coming back" to strike "right under the knee," and inflicting upon her, as a result of the shock and otherwise, injuries the effect of which continued till she died in the fol-

lowing September.   The motorman fixed the controller "and shut it and continued on," the plaintiff and her sister with it, until they "came to the corner of Chambers and Cambridge Streets," when, as the plaintiff testified, on account of the condition of her sister they "had to get off the car and board the next car back home again."   This is an action to recover for the injuries thus received.

The accident happened on May 17, 1910.   There was a verdict for the plaintiff * and the case is here on the defendant's exceptions. The declaration is in three counts; the first, for negligence on the part of the defendant, its servants and agents in operating the car; the second, for negligence in permitting the use of a defective, unsafe and dangerous mechanism; and the third for failing properly to inspect the car.   At the close of the evidence the defendant asked the court to rule that on all the evidence the plaintiff was not entitled to recover.   It also asked the same ruling in regard to each count.   These requests were all refused, and the case was submitted to the jury under instructions which applied generally to all of the counts.   The verdict was a general one and the question is whether the evidence warranted a finding for the plaintiff on each count; if it did not, it will be necessary to sustain the exceptions, unless the declaration is amended as hereinafter provided.

We think that as to the second and third counts the rulings were right.

As to the second count, the evidence tended to show, as already observed, that the door of the controller box flew open and a shower of sparks came out and fell upon the plaintiff and her sister and burned their dresses and burned one of her sister's hands and one of the hands of a passenger who sat next to the plaintiff.   It could not be ruled as matter of law that such an occurrence was one of the things which might be expected to happen if the mechanism were in proper condition and that the jury would have no right to infer from it that the mechanism was in a defective condition.   See *Cassady* v. *Old Colony Street Railway,* 184 Mass. 156; *Beattie* v. *Boston Elevated Railway,* 201 Mass. 3. It was clearly for the jury to say whether the sparks came from

---

* In the sum of $1,000 at a trial in the Superior Court before *Dubuque*, J.

the controller or from an overhead switch-box, as the defendant contended that they did.

In regard to the third count, it was for the jury to give to the testimony introduced by the defendant in regard to the matter of inspection such weight as they thought it justly entitled to. They may have thought that considering that the car was an old car, though "just out of the shop," as the inspector testified, and considering further that, as the evidence showed, the inspector had one hundred and forty cars weekly to inspect, it was more probable that the inspection had not been sufficiently thorough, than that the accident was due to some inexplicable variation in the operation of a mechanism which was in a proper condition, and which, when in proper condition, worked with certainty and precision. Moreover the motorman was not called as a witness by the defendant, and his absence was not accounted for, which, as he was the one who fixed the controller immediately after the accident, may have been deemed by the jury a circumstance of some importance.

As to the first count we think that the ruling was wrong. The count was not a general count for negligence, as in *James* v. *Boston Elevated Railway,* 201 Mass. 263, but was a count for negligence in operation. The evidence failed to disclose anything which could fairly be called negligence in operation. But from an inspection of the record the case seems to have been fully tried upon its merits, and the question of the defendant's general negligence was submitted to the jury under appropriate instructions; and the ends of justice do not appear to require another jury trial. If, therefore, within thirty days from the date of the rescript leave is granted by the judge who tried the case in the Superior Court, or in his absence or inability to act, by some other justice of that court, to amend the declaration so as to include a count for general negligence without further specification, the exceptions will be overruled; otherwise, they will be sustained. See *Delano* v. *Smith,* 206 Mass. 365, 372.

*So ordered.*

*E. P. Saltonstall,* for the defendant.

*J. L. Keogh,* (*J. J. O'Hare* with him,) for the plaintiff.