DAVID ROSEN, petitioner.

Franklin. September 22, 1920. — October 13, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Exceptions: petition to establish.

While brevity is desirable in a bill of exceptions, the bill must be of such fulness as to present fairly the opinion, ruling, direction or judgment to which exception is saved, with such reference to the evidence, the issues and the course of trial as is adequate to enable this court to understand the questions

of law raised and to determine whether the alleged error of law has injuriously affected the substantial rights of the parties.   Per RUGG, C. J.

At the hearing upon the allowance of a bill of exceptions, the judge suggested certain pertinent amendments of phraseology as desirable, if not essential, and, following discussions by opposing counsel directed in part to the point that the report in the bill of the evidence at the trial was too scant to make the case susceptible of being understood, the judge asked counsel for the excepting party if he wished to amend the bill, to which counsel replied: "No! . . . I'll chance it." *Held*, that under the circumstances the general rule, that proceedings for the establishment of exceptions are regarded as "*strictissimi juris*," applied with peculiar force.

In a bill purporting to state an exception, saved by the defendant at the trial, occupying parts of two days, of an action of contract, to a refusal of the trial judge to order a verdict in his favor, the only words which the defendant contended could be construed to mean that the substance of the material evidence was recited in the bill were, "The plaintiff claimed," followed by two short sentences, and "The defendant contended," followed by a single sentence. *Held*, that such expressions could not fairly be construed to signify that the parties severally introduced evidence tending to prove what the plaintiff was stated to have "claimed" and the defendant to have "contended;" and that, after the disallowance of such a bill, a petition to establish the exception must be dismissed.

A petition to establish an exception, saved by the defendant at the trial of an action of contract for compensation for services rendered, to a refusal of the trial judge to order a verdict in his favor, must be denied because the bill was not conformable to the truth, if it appears that the declaration, while setting forth a contract to pay for the services, did not state whether the contract was in writing, that the proposed bill of exceptions stated that it contained "the only evidence material to the questions raised by this bill of exceptions" and that there was omitted from the bill a statement that the ground upon which the defendant made his motion was that the statute of frauds required that it be granted as a matter of law, and a recital of evidence which warranted the leaving to the jury of the question, whether the plaintiff might not be permitted to recover from the defendant as on a *quantum meruit* the value of the services rendered although the defendant had refused to be bound by an express contract to pay therefor because such contract was not evidenced in writing as the statute required, no question as to the sufficiency of the declaration having been raised.

PETITION, filed on August 9, 1919, for the establishment of exceptions alleged to have been saved by the petitioner at the trial before *Jenney*, J., of an action of Charles Shulman against the petitioner, in which the jury found for the plaintiff, the defendant's bill of exceptions having been disallowed after hearing by the trial judge under the circumstances described in the opinion.

The defendant's proposed bill of exceptions was as follows:

"This was an action of contract brought by the plaintiff to re-

cover the wages due to him under the terms of an oral agreement entered into sometime in May, 1917, by and between the plaintiff and the defendant, whereby the plaintiff agreed to work for the defendant for a period of two years from said time and the defendant agreed to employ the plaintiff for such period. The plaintiff claimed that the defendant agreed to pay the expenses of moving him and his family to Greenfield, $35 a week, and one and one-half time for over-time. If it should develop that the plaintiff could take entire charge of the defendant's tailoring establishment, then $40 per week should be paid to him. The defendant contended that he had agreed to pay and had paid the plaintiff $18 per week. The plaintiff remained in the defendant's employ (under the terms of said agreement) until February, 1918, when he left because, as he said, the defendant refused to pay him the balance of the money his due.

"The pleadings are incorporated herein by reference, and made a part of this bill of exceptions.

"At the close of this evidence the defendant made a written motion that on all the evidence the plaintiff could not recover. The court denied the motion and the defendant duly excepted.

"The above is the only evidence material to the questions raised by this bill of exceptions.

"The jury returned a verdict for the plaintiff.

"Wherefore the defendant, being aggrieved by the refusal of the court to grant his motion for a directed verdict, now prays that his exception be allowed."

The commissioner to whom the petition was referred found that the trial of the action "was of some length, occupying a portion of two days." Other facts found by the commissioner are described in the opinion.

*C. Fairhurst*, (*W. A. Davenport* with him,) for the petitioner.

*H. J. Field*, for Shulman.

RUGG, C. J. This is a petition to establish exceptions filed in an action of contract in which the petitioner was defendant and one Shulman was plaintiff. The declaration in that action set forth a contract by Shulman with Rosen to perform labor for him for a term of two years, without averment whether the contract was in writing or not, with allegations of compensation to be paid, full performance of his agreement by Shulman and his dis-

charge by Rosen after nine months. The answer was a general denial, payment and the statute of frauds. The case was tried to a jury and resulted in a verdict for the plaintiff. The defendant seasonably filed exceptions, on which the presiding judge made this indorsement: "Disallowed after hearing." A commissioner was appointed and the case comes before us on his report.

The bill of exceptions is exceedingly short. Brevity is desirable in the statement of exceptions. *Taylor* v. *Pierce Brothers, Ltd.* 219 Mass. 187, and cases there collected. But a bill of exceptions must be of such fulness as to present fairly the opinion, ruling, direction or judgment to which exception is saved, with adequate reference to the evidence, the issues and the course of trial to enable this court to understand the questions of law raised, and to determine whether the alleged error of law has injuriously affected the substantial rights of the parties. *Freedman, petitioner,* 222 Mass. 179, 181. *Meehan, petitioner,* 208 Mass. 60, 63. *Horan, petitioner,* 207 Mass. 256.

The only exception alleged in the bill as filed is to the denial of "a written motion that on all the evidence the plaintiff could not recover." The commissioner reports that the motion presented was that "the court direct a verdict for the defendant." When this motion was presented the counsel for the defendant stated that he relied upon the statute of frauds as the ground therefor. The presiding judge replied that he should not charge the jury with reference to the statute of frauds, but no exception was taken to that ruling. No question appears to have been raised as to the sufficiency of the declaration, or as to any variance between it and the proof. No point of that nature is presented.

At the hearing upon the allowance of the bill of exceptions as filed, the presiding judge said that it was inartificially drawn, that it did not purport to state the evidence, and intimated that the substitution of the words "There was evidence tending to show" for the words "plaintiff claimed" and "defendant contended" was desirable if not essential. After discussion by counsel for each party, directed in part to the point that the report of the evidence in the bill was too scant to make the case susceptible of being understood, the judge asked counsel for the excepting party if he wished to amend the exceptions; to which the reply was, "No! . . . I'll chance it." Under these circumstances the gen-

eral rule that proceedings for the establishment of exceptions are regarded as *strictissimi juris* applies with peculiar force. *Money-weight Scale Co. petitioner*, 225 Mass. 473, 477.

The only words in the exceptions, which according to the contention of Rosen can be construed to mean that the substance of the material evidence is recited, are "The plaintiff claimed" followed by two short sentences, and "The defendant contended" followed by a single sentence. These forms of expression are commonly used to state a position taken or a line of argument adopted. They do not import a narration of evidence on which the position is rested or the argument grounded. The facts disclosed on the present record afford no justification for stretching those words to strained and unusual meanings. Such expressions cannot fairly be construed to signify that the parties severally "introduced evidence tending to show." Therefore there was no error of law in the disallowance of the exceptions.

If the case be considered more broadly, the petitioner fails to establish the truth of his exceptions. The report of the commissioner shows that there was much evidence, to which no reference is made in the exceptions, as to the current rate of wages at the time of the rendition of the plaintiff's services. That evidence, so far as appears, would not have been admissible on the theory that the case was being tried as if the declaration were on an express contract for a specified wage. Such evidence would have been entirely competent if one of the issues was whether Shulman could recover on an implied contract for the actual value of his services. The commissioner reports also that Shulman offered evidence tending to show that after performing labor for nine months he left because Rosen refused to pay him the balance of money due him. In view of all this evidence, the rule of law applicable to the rights of the parties was that if Shulman had rendered services to Rosen under an oral agreement unenforceable because within the statute of frauds, *Hill* v. *Hooper*, 1 Gray, 131, *Doyle* v. *Dixon*, 97 Mass. 208, which agreement Rosen refused in whole or in substantial part to perform, then Shulman could recover under an implied contract the value of any benefit accruing to Rosen out of the transaction and not paid for by him. *Kelley* v. *Thompson*, 181 Mass. 122, where the cases are collected. *De Montague* v. *Bacharach*, 181 Mass. 256. *Murphy* v. *O'Connell*, 218

Mass. 105. See in this connection, *Scribner* v. *Flagg Manuf. Co.*
175 Mass. 536, and *Elwell* v. *State Mutual Life Assurance Co.* 230
Mass. 248, 253. It is manifest from this evidence that the present
bill of exceptions does not fairly present the question whether the
judge, in view of the course of the trial, wrongly refused to direct
a verdict for the defendant on the ground of the statute of frauds.
The judge thought that statute had nothing to do with issues to
be settled by the jury. If it had been thought or suggested that
the declaration was not sufficient to permit recovery on an im-
plied contract (a point which we do not decide), doubtless the
presiding judge would have allowed an amendment to that end,
as he would have had a right to do. *Bresnahan* v. *Boston Elevated
Railway*, 216 Mass. 114. When it is apparent to this court that
the merits of the case have been fully determined, an amendment
may be allowed in order to make the pleadings conform to the
issues actually tried. *Noble* v. *Brooks*, 224 Mass. 288, 292.

*Petition dismissed.*