AGNES CONWAY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 5, 1926. — May 25, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Elevated railway, Escalator in station, Res ipsa loquitur. *Evidence,* Matter of conjecture, Judicial notice, Presumptions and burden of proof.

This court takes judicial notice of the fact that escalators are in general use by the Boston Elevated Railway Company in Boston.

At the trial of an action by a girl between six and seven years of age against the Boston Elevated Railway Company for personal injuries received when, with her mother, as a passenger she was using an escalator in a station of the defendant to pass from the street level to the elevated structure, there was evidence that just as she reached the top of the escalator her left hand became caught in the moving belt which she had hold of, and, as the belt moved around the curve at the top, her fingers were caught between the belt and the wood underneath and her

hand was drawn down into the slot; that the escalator was equipped with a moving leather hand rail which ran along the stairs, and, when it reached the top, curved around an elbow and then went down into a slot in the floor; that the slot was about two and a half or three inches wide and that the rail was about one inch and a half wide. A witness testified that, examining the escalator five minutes after the accident, he noticed as the belt passed around the curve it "kind of flapped; kind of rattled . . . it gave a kind of a wave . . . it kind of jumped a little bit . . . it flopped . . . was loose." There was no evidence respecting the mechanism of the escalator. A verdict was ordered for the defendant. *Held,* that

(1) There was no evidence to show that, apart from the looseness of the belt, the escalator was in a defective condition which caused or contributed to the plaintiff's injury;

(2) There was no evidence to show the length of time that the belt had been in the condition described or whether its condition was due to any act or omission of the defendant or was caused by the act of others, who may have had access thereto;

(3) The doctrine, *res ipsa loquitur,* was not applicable;

(4) A finding that the plaintiff's injury resulted from negligence of the defendant was not warranted;

(5) A verdict for the defendant properly was ordered.

TORT for personal injuries sustained when the plaintiff, between six and seven years of age, was using an escalator of the defendant. Writ dated October 10, 1923.

In the Superior Court, the action was tried before *Weed,* J. Material evidence is described in the opinion. At the close of the evidence, a verdict was ordered for the defendant. The plaintiff alleged exceptions.

*P. F. Spain,* for the plaintiff.

*L. Powers,* for the defendant.

CROSBY, J. This is an action to recover for personal injuries received by the plaintiff (a child between six and seven years of age) while, accompanied by her parents, and as a passenger of the defendant, she was ascending from the street level of its Egleston Square station, in Boston, to the train platform, upon an escalator operated by the defendant.

She testified that just as she reached the top of the escalator her left hand became caught in the moving belt which she had hold of, and as the belt moved around the curve at the top, her fingers were caught between the belt and the wood underneath and her hand was drawn down into the slot; that she tried to pull her fingers out but was unable to

do so.   The plaintiff's father testified that he did not see the accident, but examined the escalator within five minutes afterwards; that it was equipped with a moving leather hand rail which ran along with the stairs, and when it reached the top, curved around an elbow and then went down into a slot in the floor; that the slot was about two and a half or three inches wide and that the rail was about one inch and a half wide; that he noticed as the belt passed around the curve it "kind of flapped; kind of rattled . . . it gave a kind of a wave . . . it kind of jumped a little bit . . . it flopped . . . was loose." The foregoing is the substance of all the material evidence.

If it be assumed that the plaintiff could have been found to have been in the exercise of due care, the question remains whether there was any evidence to warrant a finding of negligence on the part of the defendant.   It is not and could not properly be contended by the plaintiff that the installation of the escalator by the defendant for the use and convenience of its passengers was in itself evidence of negligence. But it is contended by her that the moving hand rail was loose and "flapped" and "rattled" and made a "slapping" noise as it rounded the curve, and that the space between it and the wood underneath was about three inches long and half an inch wide.   There was no evidence in the present case of any want of repair or care of the belt.   It does not appear that it had become worn or had stretched by use. There is no direct evidence that it was unsuitable for the purpose for which it was used.   But it is contended by the plaintiff it could be inferred that the belt and escalator were not in such condition as they normally should be in, and for that reason they could have been found to have been unsafe for use.

We may take judicial notice of the fact that escalators are in general use by the defendant in Boston.   While it is the duty of the defendant to exercise reasonable care under the circumstances to maintain and operate them, an action based on negligence cannot be maintained unless it is proved affirmatively that the escalator is in a defective condition due to the act or omission of the defendant.   There is no

evidence in the case at bar to show that this escalator was in a defective condition which caused or contributed to the plaintiff's injury, apart from the looseness of the belt. If it be assumed that such looseness caused the injury, there is no evidence to show the length of time this condition had obtained, or whether it was due to any act or omission of the defendant or was caused by the act of others, who may have had access thereto. The burden of proving liability rests upon the plaintiff. To hold otherwise would entitle an injured person to recover upon mere conjecture and speculation.

The doctrine of *res ipsa loquitur* is not applicable to the present case. There is no description of the mechanism of the escalator or what method, if any, might have been used to tighten the belt if it became loose, so that at no time would there be a space less than three and one half inches deep. Nor was there any evidence as to how many persons were using the escalator at the time of the accident or what the strain then was upon the belt or whether, because of such strain, the space between it and the wood beneath was larger than would ordinarily occur. Nor is there any evidence that the belt, when in good condition, would not wave and make a "slapping" noise. And there is no evidence of any other accidents from the alleged cause to charge the defendant with notice that the belt in question was defective. In other words, by reason of lack of evidence respecting the mechanism of the escalator, it could not properly be said that in the ordinary experience of mankind the accident would not have happened without fault of the defendant. Hence *res ipsa loquitur* has no application. *Timms* v. *Old Colony Street Railway*, 183 Mass. 193. *Trim* v. *Fore River Ship Building Co.* 211 Mass. 593. *Reardon* v. *Boston Elevated Railway*, 247 Mass. 124, and cases there collected. The cases cited by the plaintiff are clearly distinguishable in their facts from those in the case at bar.

As there was no evidence warranting a finding of negligence, the trial judge on the defendant's motion rightly directed a verdict for the defendant. In accordance with the report, the entry must be

*Judgment on the verdict.*