JAMES E. HAHESY *vs.* BOSTON ELEVATED RAILWAY COMPANY.
THOMAS F. HAHESY *vs.* SAME.

Suffolk.    January 21, 1929. — February 26, 1929.

Present: CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* Street railway.   *Evidence,* Presumptions and burden of proof.

There being no evidence that the mechanism of the doors and the step of a street car was defective, a passenger on the car could not recover in an action of tort against the street railway company for personal injuries alleged to have been sustained solely by reason of negligent operation of the car, on testimony by him that, when about to get off the car at a stop, he waited until the motorman pulled a lever, which opened the doors and let down the step simultaneously, and then gave a glance at the step and put his right foot down onto it, whereupon it went down about two or three inches, there was "a jerk of the step," a "sudden jar on the right," and he felt a sharp pain in his right hip; that he then stepped off into the street with his left foot; that he did not observe the motorman do anything unusual in opening the doors; and that the step appeared to be level and "looked all right" when he glanced at it; a finding was not warranted that the position of the step was due to negligent operation of the mechanism nor that the motorman should have seen that the step was out of position.

TWO ACTIONS OF TORT, the first by a minor for personal injuries, and the second by his father for consequential damages.   Writs dated February 12, 1924, and January 15, 1926, respectively.

Material evidence at the trial of the actions together in the Superior Court before *Williams,* J., is stated in the opinion.    At the close of the evidence the judge denied motions by the defendant that verdicts be ordered in its favor.   The jury found for the plaintiffs in the sums of

$6,000 and $766.42 respectively. Thereafter the judge, in accordance with leave reserved under G. L. c. 231, § 120, ordered the entry of verdicts for the defendant. The plaintiffs alleged exceptions.

*J. H. Vahey,* (*P. Mansfield* with him,) for the plaintiffs.

*J. E. Hannigan,* for the defendant.

PIERCE, J. These two actions of tort were tried to a jury in the Superior Court, solely upon the plaintiffs' allegation of "negligent operation" of an electric car owned by the defendant. After verdict for the plaintiff in each action the judge, in pursuance of leave reserved, ordered verdicts for the defendant, and the cases come before us on the exceptions of the plaintiffs to these orders. The bill of exceptions contains all the evidence material to the issue presented.

The minor plaintiff testified, in substance, that at the time he was injured he was a little over twelve years of age; that on Christmas day, 1923, he boarded one of the defendant's cars, rode about a mile up to a car stop directly across from St. Rose's Church where he was intending to get off; that as the car approached that "stop" he rang the bell and walked forward and then waited until the operator of the car had his hands by his side and had the doors all opened ready for the witness to get out; that he gave a glance at the step, a quick look to the right, and stepped off the car; that as he put his right foot on the step, the step went down "about two or three inches," there was "a jerk of the step," a "sudden jar on the right," and at the same time "a sharp pain in . . . his right hip"; that after he felt the sharp pain he stepped off into the street with his left foot, and stood there until the car had passed. On cross-examination he testified, in substance, that there were about five or six people on the car when he boarded it; that there were ten or twelve other people in the car during the trip but all of them got off before the car reached St. Rose's Church; that the car stopped two or three times; that when he got on the car he didn't notice anything out of the way with the step; that there was only one door for getting in and going out; that he saw what the operator did when he stopped the car and opened the door — after the car came to a stop he turned the handle with his

right hand, he pulled this lever, which the witness thought "was on the operator's right, back a little and the door would slide open and the step would go down, step would go down and door open together"; that the door was a double door with hinges in the middle that pulled in on itself, 'and that when the time came for him to get off he didn't see the operator do anything different in turning the handle from what he had done at any other time; that he turned the handle as usual. He further testified that he was especially careful at this time, "and by careful he means that before he put his foot down he looked at the step and it looked all right"; that it seemed to him as he looked at it to be perfectly level; that there was a good light; and that he could see as plainly as he could see the floor in the court room at the trial.

There is no evidence reported to the effect that the mechanism by which the door was opened and closed, and the step was raised and lowered, was defective or out of repair, and no evidence to warrant a finding that the position of the step was due to the improper management of the device which controlled the lowering of it.

Assuming the step under the weight of the minor plaintiff went down two or three inches, there is no evidence to warrant a finding that the step should have been seen by the motorman to be out of position; and, if it were out of position, there is no evidence to warrant a finding that such malposition was due to any negligent operation of the device by which it was lowered. The mere fact of the going down of the step would not warrant an inference that this condition was due to negligent operation of the lowering device rather than to some other cause. In each case a verdict for the defendant was entered rightly. *Wallace* v. *New York, New Haven & Hartford Railroad,* 208 Mass. 16. *Bresnahan* v. *Boston Elevated Railway,* 216 Mass. 114, 117.

                                        *Exceptions overruled.*