Lawton et ux. *v.* Philadelphia Rapid Transit Co.

Argued April 22, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Frederick H. Warner,* for appellants.

*John V. Lovitt,* for appellee.

PER CURIAM, May 12, 1930:
Plaintiffs' appeal from a judgment of the court below refusing to take off a nonsuit in an action brought to recover damages for personal injuries sustained by Mrs. Lawton, in a fall while alighting from one of defendant's cars. The claim was based on the theory that a defect existed in the step causing it to drop a few inches as plaintiff placed her foot on it, thus causing her to lose

her balance and fall. In entering a nonsuit the court below held there was no evidence that the step, a folding one that raised and lowered with the closing and opening of the door, dropped further than was intended, or that it was out of repair or defective, and consequently the evidence failed to impose on defendant the burden of explaining the alleged cause of the accident.

The testimony offered by plaintiffs' witnesses was that "as she [Mrs. Lawton] got off she put her foot down, and the step went down and she fell into the street...... When she stepped down it went down with a bang and that is when she was thrown into the street. ...... Mrs. Lawton got down on the step and it went bang and she was thrown into the street. Q. Did you see the step after she went off? A. Yes. Q. What position was it in? A. Up. Q. Describe what you mean by up. A. It wasn't level. Q. How much was the front edge of the step raised above what would be a level position? A. A couple of inches, I guess, I don't know; two or three. ...... When she put her foot down I heard a little bang, you know, and she fell out in the street. ...... I was picking my steps to get down, and when she stepped on her side, the thing went down, and she was thrown in the street." Plaintiff herself stated: "When my left foot got on the step the step went down with me and I was thrown into the street."

The foregoing testimony shows conclusively it was not the movement of the step while being lowered which caused the fall, as the court below seemed to think, but the fact that the step moved or yielded under her weight when stepped upon. In addition to the testimony referred to above, there was evidence from which the jury might reasonably have reached the conclusion that the means provided for entering and leaving the car was not operating properly; that the step did not drop to its proper position on opening the door, or, after it had settled into its proper position, fell further under the passenger's weight when stepped upon. Under either view,

the burden was shifted to defendant to account for the unexpected movement of the entrance way and to show defendant's freedom from fault. Plaintiff was a passenger on the car and the entrance and exit way was part of the means of transportation. "Safe means and appliances which are required to be furnished for the transportation of passengers include the steps, doors, platform and seats which constitute a part of the vehicle and failure to keep and maintain them in safe condition, resulting in injury to a passenger, raises a legal presumption of negligence which the carrier must rebut": Johnston v. Director General of Railroads, 286 Pa. 166, 169. It was defendant's duty " 'not only to furnish safe appliances and means for transporting passengers safely, but also to furnish means for their exit at their destination or at such other proper points on the line of the road where they desire to leave the car. Any disarrangement or displacement of the car platform which results in injury to a passenger when alighting is presumptive evidence of negligence on the part of the carrier.' " Johnston v. Director General of Railroads, Ibid., supra, 169.

Defendant relies on Murray v. P. R. T. Co., 292 Pa. 72, to sustain the action of the court below in entering a nonsuit. While the facts in that case are similar to those here involved, except that plaintiff was in the act of entering the car instead of leaving it, the decision there turned on the contributory negligence of plaintiff in that she either failed to look and see the plainly improper position of the step before attempting to use it, or that she saw its unsafe position and took the chance of using it, as it was, and as a result received her injury. In either case she was guilty of contributory negligence. That case does not apply here.

The judgment is reversed and a new trial granted.