FRANCES E. FITZGERALD *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex. December 3, 1930. — January 28, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence,* Street railway, Res ipsa loquitur. *Evidence,* Presumptions and burden of proof.

Evidence, at the trial of an action of tort against a street railway company, which showed no more than that, as the plaintiff was boarding a street car, of which the folding doors were open and the step down, and was stepping from the step to the rear platform, the step folded up and threw him upon the platform, whereby he was injured, made proper an application of the doctrine of *res ipsa loquitur* and warranted a finding that the plaintiff's injuries resulted from a failure by the defendant's operator to exercise proper care in the manipulation of the step or that the step and its mechanism were de-

fective due to the failure by the defendant to exercise proper care in providing a reasonably safe step; and, since a finding was warranted that the plaintiff was a passenger on the car, a verdict for the plaintiff was justified.

TORT. Writ dated February 18, 1928.

Material evidence at the trial in the Superior Court before *McLaughlin*, J., is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in its favor. There was a verdict for the plaintiff in the sum of $3,288. The defendant alleged exceptions.

*C. S. Walkup, Jr.*, for the defendant.

*D. L. Smith*, for the plaintiff.

FIELD, J. This is an action of tort to recover damages for personal injuries. There was evidence that one of the defendant's cars, which had just come from the car barn, had stopped at Harvard Square, Cambridge, to take on passengers, and was standing there with its rear door open and the lower step down, and that the plaintiff, a teacher on her way to school, entering this car with her hand on the bar, was stepping from the lower step to the rear platform of the car when the step folded up, threw her upon the platform and injured her. There was no direct evidence of the cause of the step's folding up. There was evidence of inspection of the car by the defendant and also evidence as to the mechanism by which the opening and closing of the doors and the raising and lowering of the steps were controlled by the operator of the car. Verdict was for the plaintiff. The case is before us on the defendant's exceptions to the denial of its motion for a directed verdict, and to the judge's charge that if the accident happened as the witnesses testified, the steps of the car being "wholly . . . under the control of the company . . . and an occurrence of this sort being so contrary to common experience . . . the jury could infer . . . the accident happened in consequence of the failure of the company to exercise that high degree of care which it was bound to exercise, to provide steps which were reasonably safe" or "some failure on the part of the operator in ex-

ercising that high degree of care which he was bound to exercise in the operation of the steps."

The judge's charge stated the law correctly and the motion for a directed verdict was denied rightly. On the evidence, if believed, the plaintiff was a passenger. *Franz v. Holyoke Street Railway,* 239 Mass. 565. *Fournier* v. *Holyoke Street Railway,* 258 Mass. 257. The defendant, as a common carrier, owed to a passenger the duty to exercise reasonable care under the circumstances (*Thayer* v. *Old Colony Street Railway,* 214 Mass. 234, 236, and cases cited), to furnish cars, including steps, which were reasonably safe (*Marshall* v. *Boston & Worcester Street Railway,* 195 Mass. 284, 286–287, *Coleman* v. *Boston Elevated Railway,* 249 Mass. 155, 158), and to operate cars and steps safely. *Gardner* v. *Boston Elevated Railway,* 204 Mass. 213. Because of the nature of the carrier's undertaking and the relation between the carrier and its passengers, reasonable care under the circumstances is a high degree of care, " the utmost caution which is compatible with the conduct of the business, according to the requirements of the public, as to rapidity, expense and comfort." *Donahoe* v. *Boston Elevated Railway,* 214 Mass. 70, 72. See also *Gardner* v. *Boston Elevated Railway,* 204 Mass. 213, 216–217, and cases cited; *Bilodeau* v. *Fitchburg & Leominster Street Railway,* 236 Mass. 526, 533.

This was a proper case for the application of the doctrine *res ipsa loquitur.* The jury, relying on common experience and the defendant's control of the use and inspection of the car, could have inferred from the occurrence of the injury in the manner disclosed by the evidence (see *Pinney* v. *Hall,* 156 Mass. 225; *McNamara* v. *Boston & Maine Railroad,* 202 Mass. 491, 495–496), in the absence, as here, of any other explanation thereof binding upon the plaintiff (see *Washburn* v. *R. F. Owens Co.* 258 Mass. 446, 450; see also *Carroll* v. *Boston Elevated Railway,* 200 Mass. 527, 534–537), that the plaintiff's injury resulted from fault of the defendant — either some failure of the defendant's servant, the operator of

the car, to exercise the requisite care in the operation of the step, or some defect in the step, including the mechanism by which it was controlled, due to the failure of the defendant to exercise the requisite care in providing a reasonably safe step. Since the jury were warranted in finding that the injury was due to fault of the defendant, they could find for the plaintiff though the evidence did not warrant a finding of a particular kind of negligence. The judge's charge did not make such a specific finding essential to recovery. See *James* v. *Boston Elevated Railway,* 201 Mass. 263.

The case is not distinguishable from *Craft* v. *Boston Elevated Railway,* 211 Mass. 374, where there was evidence that the plaintiff was injured by the closing of a door of the defendant's car. The language of Hammond, J., at page 376, in regard to the closing of the door, is applicable to the folding up of the step in the present case. " The car was standing for the reception of passengers . . . the plaintiff had so far entered the car that the defendant owed to her the duty of a common carrier to a passenger. The car, the door and all the levers for moving them were under the exclusive care and control of the defendant. The closing of the door under the circumstances was evidence of negligence, and since the door was under the care of the defendant and since there was absolutely no explanation of the cause for the movement of the door, the negligence was *prima facie* that of the defendant." The case at bar differs materially from *Hahesy* v. *Boston Elevated Railway,* 266 Mass. 307, where, according to the testimony, a step went down two or three inches under the weight of a passenger getting off the car, but it could not have been inferred that the step was not in the course of being lowered properly.

*Exceptions overruled.*