Pettingell, J.
The plaintiff sues in tort to recover for an injury received by him while riding on an escalator maintained and operated by the defendant. The escalator was descending and the plaintiff while standing upon it, “felt a sudden, severe shock below his left knee which ‘felt like being struck by a rod’ ” and “caused his knee to buckle under him.” There was on the escalator at the time, a short distance from the plaintiff, “a piece of twisted wire of the kind used in ‘holding something together’ about eight inches in length” and “as the escalator continued, the piece of wire disappeared into the bottom of the escalator.”
*184 The report states that it contains ‘ ‘ all the evidence material to the issues or questions reported.” The foregoing is all that there is in the report relative to the escalator or the facts of the plaintiff’s injury.
There was a finding for the defendant. The error alleged by the plaintiff is the denial of the following ruling requested by him.
‘ ‘ 1. There is sufficient evidence to warrant a finding, as a matter of law, for the plaintiff.”
The duty of the defendant relative to escalators is set out in Conway v. Boston Elevated Railway, 255 Mass. 571, at page 574, as follows:
“While it is the duty of the defendant to exercise reasonable care under the circumstances to maintain and operate them, an action based on negligence cannot be maintained unless it is proved affirmatively that the escalator is in a defective condition due to the act or omission of the defendant.”
In the case at bar there is no such evidence ; there is nothing to show that the escalator was defective; or that the piece of wire which the plaintiff saw on the escalator was any part of it. It is to be noted also that there is not in the the case any evidence of noise or shock, suggesting the breaking of a part of the escalator, nor of any stopping of it. So far as the evidence here shows, the escalator was running normally before the plaintiff was hurt and continued so to run after his injury.
Nor does the doctrine of res ipso loqmtwr aid the plaintiff. In the application of that doctrine there are various qualifications and exceptions; this ease is within the exceptians and the doctrine is not applicable.
Where, in the absence of evidence of the cause of an accident, or of an explanation of it, the evidence before the fact *185 finding tribunal is such that it is apparent that the accident arose from an instrumentality in the exclusive control of the defendant, under circumstances which justify an inference that the particular kind of an accident would not have happened in the ordinary experience of mankind without negligence on the part of the defendant, the doctrine of res ipso loquitur applies. Cook v. Newhall, 213 Mass. 392, at 395; St. Louis v. Bay State Street Ry., 216 Mass. 255, at 257. The presumption thus raised in favor of the plaintiff is one of evidence and not of substance and does not change the burden of proof. Wilson v. Colonial Air Transport Inc., 278 Mass. 420, at 425.
The doctrine does not apply where “the direct cause of the accident and so much of the surrounding circumstances as were essential to its occurrence” were not “within the sole control of the defendant”; nor where “there is any other reasonable or probable cause from which it might be inferred there was no negligence at all”; Wilson v. Colonial Air Transport, Inc., 278 Mass. 420; at 425.
Neither does it apply where the cause of the accident remains wholly a matter of conjecture “and no one can say in the absence of explanation, either from common experience or otherwise, that it happened through the fault of the defendant. ’ ’ Curtin v. Boston Elevated Railway, 194 Mass. 260, at 263, 264; nor where the cause of the accident “has come from the lawful operation by lawful means of an authorized instrumentality” and the damage or injury “may have come without any negligence of the defendant, but may have arisen merely as an unavoidable accident from the careful and skilful exercise of its lawful rights in spite of the observance of all proper precautions.” Under such circumstances some affirmative evidence of negligence is necessary. “The happening of the accident with the resulting *186 injury is as likely to have come without the fault of the defendant as to have been due to its negligence, and the presumption of fact upon which the doctrine of res ipso loquitur is based does not arise.” Carney v. Boston Elevated Railway, 212 Mass. 179, at 180.
Following the principles laid down in these cases, there have been numerous decisions restricting the application of the doctrine.
“When the precise cause is left to conjecture and may be as reasonably attributed to a condition for which no liability attaches as to one for which it does, then a verdict should be directed against the plaintiff. The law knows no general rule of absolute insurance against injury. ’ ’
Ryan v. Fall River Iron Works Co., 200 Mass. 188, at 192.
See also, Deagle v. New York, New Haven & Hartford R. R., 217 Mass. 23, at 24, 25. Kusick v. Thorndike & Hix, Inc., 224 Mass. 413, at 414, 415. Olsen v. New England Fuel & Trans. Co., 251 Mass. 389, at 394. DiLeo v. Eastern Mass. Street Ry., 255 Mass. 140, at 143. Guell v. Tenney, 262 Mass. 54, at 56. Harris v. Boston, Revere Beach & Lynn R. R., 270 Mass. 400, at 402. McAvoy v. Boston Elevated Railway, 275 Mass. 9, at 12. In Mulry v. Boston Elevated Railway, 278 Mass. 210, it appeared that the plaintiff struck her leg against a broken seat. At page 212, the court said:
“No evidence was offered or introduced on behalf of the plaintiff or defendant which pictured to the jury the broken seat, or assuming it was broken, would enable them to determine or reasonably infer, when the seat became broken; nor any evidence that a similar break had ever happened before on any car, or that the defendant in the exercise of the duty it owed its passengers should foresee that a wooden seat such as the one in question would in its use become broken and leave *187 exposed the pedestal and the irons which upheld it. . . . The plaintiff to establish her right relies solely upon the principle of res ipso loquitur, . . . We think . . . that this is a case where the mere happening of the accident affords no presumption of negligence; that the burden was upon the plaintiff to offer affirmative evidence of the defendant’s negligence.”
In Conway v. Boston Elevated Railway, 255 Mass. 571, which was an escalator case, the court said at page 574:
“The doctrine of res ipso loquitur is not applicable to the present case. There is no description of the mechanism of the escalator, or what method, .if any, might have been used to tighten the belt if it became loose, so that at no time would there be a space less than three and one half inches deep. Nor was there any evidence as to how many persons were using the escalator at the time of the accident or what the strain then was upon the belt or whether, because of such strain, the space between it and the wood beneath was larger than would ordinarily occur. Nor is there any evidence that the belt, when in good condition, would not wave and make a 6 slapping noise. ’ And there is no evidence of any other accidents from the alleged cause to charge the defendant with notice that the belt in question was defective. In other words, by reason of lack of evidence respecting the mechanism of the escalator, it could not properly be said that in the ordinary experience of mankind the accident would not have happened without fault of the defendant. Hence res ipso loquitur has no application.”
For other cases where the facts, viewed in the light of the common experience of mankind, would not warrant an inference of negligence on the part of the defendant, see Gunning v. King, 229 Mass. 177, at 178; Betts v. Rendle, 236 Mass. 441, at 446; Coleman v. Boston Elevated Railway, 249 Mass. 155, at 158; Tucker v. Haverhill Electric Co., 262 Mass. 81, at 85.
*188 The instant ease contains much less evidence of the escalator, its mechanism, and its working, than appears in Conway v. Boston Elevated Railway, 255 Mass. 571. Nothing is here set forth except the facts of an escalator and a loose piece of wire. The wire is in no way tied up to the escalator; it is not shown that wire of any kind entered into its construction or operation, or that the wire which the plaintiff saw was ever a part of the escalator or came out of it. There is no evidence that such wire or any wire had ever been in any way associated with this escalator or any other escalator in the past, or that the defendant ever had notice of the presence of such wire or of other facts which would constitute such a notice.
Furthermore, there is an entire absence of evidence as to how long the wire had been on the escalator and of all other facts which might charge the defendant with notice of its presence, or of the possibility of its presence. On the other •hand, from the lack of disturbance in the running of the escalator, and its continued operation, a jury would be warranted in inferring that the wire was no part of the escalator but was a foreign substance for whose presence a third party might be responsible. The possibility of such an inference is enough to make impossible the application of the doctrine of res ipso loquitur. Ryan v. Fall River Iron Works Co., 200 Mass. 188, at 192; DiLeo v. Eastern Mass. St. Ry., 255 Mass. 140; at 143; Wilson v. Colonial Air Transport, Inc., 278 Mass. 420, at 425; Mahoney v. Harley Private Hospital, Inc., 279 Mass. 96, at 101.
The plaintiff having offered no affirmative evidence of the defendant’s negligence, and the doctrine of res ipso loquitur not being applicable, there was no evidence which would warrant a finding for the plaintiff. In this condition of the case there is no error in the denial of the plaintiff’s first request. The report is to be dismissed.