Barron, J.
This is an action of contract brought by the plaintiff as lessor against the defendant as lessee in three counts, the first of which is immaterial.
Counts two and three are for the same cause of. action. ■Count two states that the defendant owes the plaintiff the sum of $70 for use and occupation during November and December of 1937 at the rate of $35 per month. Count three reads as follows:
“The plaintiff says that the defendant executed a lease on or about October 31, 1936 of the basement suite at 23 Temple St., Boston, at a monthly rental of $35.00 and covenanted therein to deliver up the premises at the end of the term, which expired October 31, 1937; that the defendant has failed so to deliver up the premises and has breached said covenant, retaining the use and occupation during the months of November and December of 1937-
*207 “Wherefore the plaintiff says the defendant owes it the sum of Seventy Dollars”.
The facts are not in dispute. On October 31, 1936, the defendant executed a lease of certain premises for one year, at a rental of $35, with an automatic renewal clause unless written notice is given by one of the parties on or before September 31 in any year.
The lease contained among the usual covenants this provision: “(Lessee hereby covenant — sic—) that he and his executors and administrators..............at the end of said term will peaceably deliver up the leased premises in good and tenantable order and condition to the lessor’ ’.
The defendant entered and occupied for a short time and then, with the knowledge of the plaintiff sublet to- one Bigelow by written instrument for a period expiring October 31, 1937. Bigelow made no payments to the plaintiff, which never recognized him as its tenant.
Prior to September 31, 1937, the plaintiff received from the defendant a letter stating that he was “vacating the apartment.... at the termination of (his) present lease”.
The said Bigelow occupied the premises during the year 1937 and continued to occupy in November and December of said year, which was beyond the expiration of the lease on October 31st.
The plaintiff filed the following requests for rulings:
3. “The defendant was bound by the terms of the indenture he signed to deliver up the premises at the end of the term.
4. “If the- defendant permitted one Bigelow to occupy the demised premises, whether by sub-lease or assignment, the defendant would be required to remove Bigelow at the end of the term in order to- comply with the terms of the lease with the plaintiff.
5. “If on the evidence it appears that Bigelow occupied the premises in November and December of 1937, *208 the Court is warranted in holding the defendant liable under Count 2 or 3 of the declaration.
6. “'So far as the lessor is concerned, occupation by Bigelow after October 31, 1937, is in law the occupation by the defendant under whom Bigelow entered.”
The Court allowed Number 3, and disallow numbers 4, 5 and 6. The Court found for the defendant on counts two and three.
By its terms, this is not a report of specific rulings under Gen. Laws, (Ter. Ed.) Ch. 231, sec. 108, but a report of a “case” under Stat. 1931, C. 325. Finkelstein v. Equitable Life Ass. Soc., 1936 A. D. R. 146. It presents a question of law affecting* the merits of the whole case. Krock v. Consolidated Mines & Power Co., 286 Mass. 177, East Hampton Bank & Trust Co. v. Collins, 287 Mass. 218, La Caisse Populaire Credit Union v. Cross, 1936 A. S. 201.
Can the plaintiff recover for breach of covenant?
The language of the covenant is unambiguous and its meaning clear. The undertaking of the lessee was that he would, “at the end of the term peaceably deliver up the leased premises to the lessor”. At the inception of the lease, the lessor gave actual possession of the premises to the lessee. He entrusted it to his care. He required of him in advance a covenant to give back to him at the end of the lease that same possession. Bigelow entered as a sub tenant. Likewise, during the remainder of the term of the lease, he continued to be the sub tenant of the lessee.....
The duty of the lessee was to so arrange his affairs during the term of the lease as to be able to surrender actual possession on or immediately after the last day of the lease. This means to give to lessor the same complete dominion and ability to hold and enjoy which the lessee had a right to expect from the lessors when he first accepted the lease and which was, actually accorded to. him by the *209 lessors at that time. His failure to do so constituted a breach of his covenant.
“Where the lessee puts another into possession who-holds over, it shall be considered as the holding over of the lessee”. Parker, C. J. in Brewer v. Knapp, 1 Pick 332 at 336. Dimock v. Bergen, 12 Allen 551, 552. Corpus Juris, Sec. 678 states— “It is held to be the duty of the tenant who sublets during his term to see that his sub lessee gives up possession, and that a holding over by his sub tenant is considered a holding over by him and subjects him to the same liabilities”. Simon v. Hermann, et al., 129 N. Y. Supp. 1014, Meyerowitz v. Horowitz, 220 N. Y. S. 681, Kansas City Breweries Company v. Markowitz, 203 Mo. App. 390, Spector v. Fine, 196 N. Y. S. 545, Campan v. Michell, 103 Mich. 617, Lubetkin v. Elias Brewing Co., 21 Abbott N. C. 304, Bacon v. Brown, 9 Conn. 334.
And the tenant is liable if the undertenant holds over though against his will. Taylor “Landlord & Tenant,” Vol. 2, Sec. 642.
“The tenant’s responsibility does not cease until redelivery of the premises to the lessor, and the exertions of the former to expel the undertenant cannot affect the plaintiff’s rights. As long as the undertenant occupied, the defendants were also in sufficient occupation for the purposes of this action”.
Ibbs v. Richardson, 9 A & E 849, Henderson v. Squire, L. R. 4 Q.B. 170, Smith v. Bottomley, 30 Haw. 853, 1929.
In Harding v. Crethorn, 1 Esp. 57, Lord Kenyon states that the lessee would be liable for rent not on an actual but a constructive occupation by the undertenant holding over. He also states that “when a lease is expired the tenant’s responsibility is not at an end, for if the premises are in the possession of an undertenant the landlord may refuse to accept the possession and hold the original lessee liable, for *210 the lessor is entitled to receive the absolute possession at the end of the term. The sub' tenant has been let into possession not by the lessor but by the tenant. The landlord is entitled to recover all the loss he has sustained by not being put in possession of the entire premises at the end of the term; he is entitled to a sum equivalent to the rent which he has lost and to the expenses he has been put to in taking legal proceedings to oust the sub tenant from a wrongful possession”. Jones-Landlord & Tenant, Section 554.
'The fact that the defendant notified the plaintiff that he would vacate the premises at the end of his lease does not relieve him from payment of the rent if he continued to' occupy the premises himself or through others. Chambers v. Hingle, 4 La. Appeal Reports, 509.
It was obligatory upon the defendant to carry out his intention as conveyed in the notice. This he did not do. Action, not words conveying a future intention, is the test of his compliance with his covenants.
The defendant contends that the words “deliver up in good and tenantable condition” do not mean to deliver up> free of tenants; that the words “in good and tenantable order and condition” refer to the physical condition of the premises, without regard to the absence or presence of tenants.
Assuming that this contention is correct, there still was a duty of the lessee, under said covenant, to “deliver up” the premises, regardless what the requirements of said lease were in reference to' the condition of the same; and inasmuch as it has been held, in cases cited above, that a holding over of a sub tenant is a holding over of the lessee, the defendant has breached his covenant to “deliver up”. But the duty of the. lessee does not rest alone, on such an agreement.
*211 “On the expiration of the term a lessee’s rights in the premises cease and he is bound to vacate them and yield up possession to the owner of the fee without binding himself expressly SO' to do.”
Jones, Landlord & Tenant, section 554 (1906 Bobbs Merrill).
The privity of contract created by the lease between the lessor and lessee was not affected by the sub-letting. The lessee still continued liable on his covenant, by virtue of the privity of contract. Where the lessee has entered into an express covenant, the lessee continues liable on such covenant notwithstanding an assignment. Wall v. Hinds, 4 Gray 256 at 266, Hall-Landlord & Tenant, Sec. 50, Woodfill Landlord & Tenant, Sec. 195.
The defendant contends that the allegations in the declaration do not support a finding for the plaintiff for damages for a breach of covenant; that there is a material variance between allegation and proof.
“The case comes before us by report on a case stated. No point is open as to the form of action or pleadings. The only question is whether the plaintiff can recover in any form of action”. Rugg, C. J. in Ward v. Great Atlantic and Pacific Tea Company, 231 Mass. 91 (1918), Smith v. Carney (1879) 127 Mass. 179 at 180, Kimball v. Preston, 2 Gray 567, Cushing v. Kenfield, 5 Allen 307, West Roxbury v. Minot, 114 Mass. 546, Bretton v. Fox, 100 Mass. 234, Weiner v. D. A. Schulte, Inc., 275 Mass. 379, 384, Breen v. Burns, 280 Mass. 222, 228.
Even if there were a defect in pleading, this division could, if. it deemed it desirable, order an amendment to make the pleadings conform to the proof. Podder v. Short, 28 Appel. 10, Rosen, Pet. 236 Mass. 321, 326.
Moreover, there is no such material variance between the allegation and proof as to constitute a variance fatal to recovery by the plaintiff.
*212 The declaration states that “he covenanted to deliver up, that he has failed to deliver up the premises and has breached said covenant, retaining the use and occupation . . . . Are these allegations in the declaration supported by the evidence? Yes.
If the defendant failed to deliver up the premises there is a breach of covenant.
In the eyes of the law a holding over by a sub lessee is a holding over by the lessee. Inasmuch as the lessee held over, he failed to deliver up the premises at the end of the term. His failure to so do constituted a breach of covenant on his part for which he is liable to the plaintiff.
The finding for the defendant is vacated and a new trial ordered solely on the question of damages.