CATHERINE GREELEY *v.* BALTIMORE TRANSIT COMPANY

[No. 15, October Term, 1941.]

*Decided November 6, 1941.*

The cause was argued before BOND, C. J., SLOAN, DELA-PLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Leonard Weinberg* and *Everett L. Buckmaster,* with whom were *Weinberg & Green* on the brief, for the appellant.

*James J. Lindsay,* with whom was *Philip S. Ball* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Catherine Greeley, plaintiff, is appealing from a judgment entered in favor of the Baltimore Transit Company, defendant, in a suit for damages for injuries sustained in a fall while she was alighting from a street car in Baltimore.

The accident occurred on December 26, 1939, when a North Avenue car stopped at Charles Street. The front end of the car was used for both entrance and exit. The motorman operated a synchronized device to open the doors and lower the step. It was alleged in the amended

declaration that the step was not in proper position for the plaintiff to use. When the doors were opened, Mrs. Greeley was the first to step out. She testified that while she did not look at the doors to see whether they were entirely open, she believed they were open wide enough. Although she could have seen the step, she did not notice whether it was level. She stated that as she put her right foot on the step it "went down with such a bump" that she fell and injured her right ankle.

The appellant complains because the trial court refused to instruct the jury that the injury raised a presumption of negligence on the part of the transit company. Under the doctrine of *res ipsa loquitur,* whenever the plaintiff in a suit for injury caused by negligence has offered legally sufficient evidence to support the inference that the injury resulted from want of care, the defendant is prima facie negligent, if the thing which produced the injury was under the management and control of the defendant, and the occurrence was such as does not happen in the ordinary course of events when due care is exercised. *Frenkil v. Johnson,* 175 Md. 592, 604, 3 A. 2d 479, 484; 10 *Am. Jur., Carriers,* Sec. 1623. Many applications of the doctrine have been made in cases of train collisions and derailments, for such circumstances in themselves create a presumption of negligence. *Baltimore & Ohio R. Co. v. State, to use of Mahone,* 63 Md. 135, 144. Similarly, in *Smith v. Blue Ridge Transportation Co.,* 172 Md. 42, 191 A. 66, where a passenger on a bus was tripped by an aisle seat, which had dropped from its folded position, it was held by this Court that a presumption of negligence was raised against the carrier.

But the doctrine of *res ipsa loquitur* is applicable only when the facts and surrounding circumstances tend to show that the injury was the result of some condition or act which ordinarily does not happen if those who have the control or management thereof exercise proper care. It does not apply where it can be said from ordinary expe-

rience that the accident might have happened without the fault of the defendant. *Conway v. Boston Elevated R. Co.,* 255 Mass. 571, 152 N. E. 94. Hence the mere fact that the plaintiff was injured while a passenger on the defendant's car does not of itself raise any presumption of negligence against the defendant in the absence of surrounding circumstances from which an inference of negligence could properly be drawn. *Benedick v. Potts,* 88 Md. 52, 55, 40 A. 1067, 41 *L. R. A.* 478; *Callis v. United Railways & Electric Co.,* 128 Md. 406, 97 A. 715; *Hilton Quarries v. Hall,* 161 Md. 518, 529, 158 A. 19; 10 *Am. Jur., Carriers,* sec. 1625. Thus, if a passenger's injury has been acused by the lurch of a car, the case is brought within the doctrine if the lurch was such as would have been unlikely to occur if proper care had been exercised; but the mere fact that the passenger was injured does not of itself give rise to a presumption of negligence, in the absence of evidence that the sudden movement of the car was unusual or extraordinary. *State, to use of Chima v. United Railways & Electric Co.,* 162 Md. 404, 159 A. 916, 83 *A. L. R.* 1307.

The record in this case fails to show any proof of any mechanical defect in the street car. On the contrary, the testimony showed that the mechanism was working perfectly. The motorman testified positively that when he stopped the car he pushed back the handle completely so that the doors were "properly open and locked back," and the step must have been level and firm. The shop inspector, on testing the car that night, found that its mechanism was in "an O. K. condition" for when he pushed back the handle "the step was perfectly level and the tread was perfect." He also declared that when the doors are not thrown all the way open, the step would be slightly raised, but no one could get out of the car in this situation except by squeezing through. Mrs. Greeley admitted that the step did not break. She did not notice anything the matter with it when she boarded the car, and no accident happened to any other passen-

gers as they alighted from the car at different intersections along the avenue. But she merely suspected that the step might have been slightly raised when she stepped upon it.

The appellant cited *Lawton v. Philadelphia Rapid Transit Co.*, 300 Pa. 532, 151 A. 13, which held that a displacement of a platform, which resulted in injury to a passenger, was presumptive evidence of the carrier's negligence; but the evidence in that case showed conclusively that the platform yielded or collapsed under the passenger's weight when it was stepped upon. The question in the case before us was presented in a similar case which arose when a boy was injured as he stepped from a street car in Boston. He testified that the step of the car went down two or three inches with a sudden jerk. However, the Supreme Judicial Court of Massachusetts declared in that case: "There is no evidence reported to the effect that the mechanism by which the door was opened and closed, and the step was raised and lowered, was defective or out of repair, and no evidence to warrant a finding that the position of the step was due to the improper management of the device which controlled the lowering of it. * * * The mere fact of the going down of the step would not warrant an inference that this condition was due to negligent operation of the lowering device rather than to some other cause." *Hahesy v. Boston Elevated R. Co.*, 266 Mass. 307, 165 N. E. 114, 115.

Our conclusion, therefore, is that the accident did not raise a presumption of negligence on the part of the defendant. The trial court properly refused the plaintiff's prayers that, if the jury believed she was injured as a result of the step being in an improper condition, or by any instrumentality of the defendant, her injury was *prima facie* evidence of the defendant's negligence. Nevertheless, the court peremptorily instructed the jury that, if they found that the step was in an improper position, their verdict must be for the plaintiff. Under this instruction the plaintiff had no cause for complaint, for

she was favored more by this instruction than if she had been granted the *prima facie* evidence prayer, which the court refused.

Since there was no reversible error in the instructions of the trial court, the judgment in favor of the defendant must be affirmed.

*Judgment affirmed, with costs.*