*Southern District*

## JOSEPHINE NESSRALLA
## AND
## ABDU NESSRALLA

*v.*

## MASSACHUSETTS PORT AUTHORITY

Argued: Dec. 21, 1971 - Decided: July 12, 1972

56

*Present:* Murphy, P.J., Covett, Rider, JJ.

Case tried before *Lee, J.,* May 13, 1971 in the District Court of Brockton, No. 42314.

**Rider, J.** This is an action of tort to recover for personal injuries and consequential damages allegedly sustained as the result of the negligence of the defendant in the maintenance, operation and control of an escalator at Logan Airport on January 18, 1966. The plaintiffs' declaration contained a count on behalf of the plaintiff, Josephine Nessralla, for personal injuries, and for Abdu Nessralla, her husband, for consequential damages. The defendant's answer contained a general denial and the defenses of contributory negligence, assumption of risk and violation of statute.

The evidence is summarized as follows:

The plaintiff, Josephine Nessralla, a forty-eight year old housewife, at about 1 P.M., on January 18, 1966, left a Pan American Airplane inbound from Europe. She was accompanied by her husband and was going directly to the United States Customs. She had a jacket and her handbag over her left arm. She approached the escalator and put both hands on the handrails. As she was about to put her foot on the step, she looked down at the step and saw that

it was smooth, shiny, with few grooves in it and it had a slant to it. She put her foot on the step, fell over backwards, and was carried about half way up the escalator before it was stopped. Her husband, who was behind her, picked her up. She testified that as the result of the fall she sustained injuries and was disabled.

The defendant admitted ownership and control of the premises at the time of the alleged accident.

The defendant seasonably submitted requests for rulings which with the court's action thereon were as follows:

1. The evidence does not warrant a finding that the defendant, its agents or servants were negligent. *Denied.*

2. The evidence does not warrant a finding other than that the negligence of the plaintiffs contributed in whole or in part to cause the alleged injuries and damage. *Allowed — See Special Findings.*

3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage. *Denied.*

4. As a matter of law the defendant breached no legal duty owed by it to the plaintiff. *Conway* v. *Boston Elevated Railway Company,* 255 Mass. 571; *Brooks* v. *Sears Roebuck and Co.,* 302 Mass. 184; *Dias* v. *Woodrow,* 342 Mass. 218.

The court made the following findings:

"I find that the plaintiff, after alighting from a place at Logan Airport, went directly to an escalator owned and controlled by the defendant, and while in the process of stepping on one of the steps of the escalator fell and injured herself. I find that she had placed both hands on the railings and had looked down to where she was stepping. I find that the step in question was smooth and shiny with few grooves and had a slant in it. I find that this condition was defective, and had been there for some time, and that the defendant knew, or should have known of this condition and corrected it. I find this to be negligence on the part of the defendant and that the plaintiff was in the exercise of due care."

The court found for the plaintiff on Count 1 and assessed damages in the sum of $1100.00, and found for the defendant on Count 2.

The defendant claims to be aggrieved by the action of the court in denying its requests for rulings, Nos. 1, 3 and 4, and further claims to be aggrieved by the court's findings of fact and rulings of law.

We consider first defendant's request for ruling number one.

While the defendant owed a duty to the plaintiff, Josephine, as an invitee, to use reasonable care and diligence to maintain and operate the escalator, an action based on negligence cannot be maintained unless it is proved

affirmatively that the escalator is in a defective condition due to the act or omission of the defendant. *Conway* v. *Boston Elevated Railway Co.*, 255 Mass. 571. *Brooks* v. *Sears, Roebuck and Co.*, 302 Mass. 184.

The plaintiff's (Josephine's) description of the escalator step as "smooth, shiny, with few grooves in it", standing alone or with the vague reference that "it had a slant to it", is insufficient to describe a condition which could be found to be defective and a source of danger to passengers. *Shinkwin* v. *H.L. Green Company, Inc.*, 318 Mass. 70. *Grace* v. *Boston Elevated Railway Co.*, 322 Mass. 224. *Winer* v. *Boston and Maine Railroad*, 336 Mass. 757.

The doctrine of res ipsa loquitur is not applicable. *Conway* v. *Boston Elevated Railway Co.*, 255 Mass. 571.

It was prejudicial error to deny defendant's request number one, and in view of our decision it is unnecessary for us to discuss the other requests for rulings or any other questions raised by the report.

Since this ruling if given would have been decisive of the case, the finding for the plaintiff, Josephine, should be vacated and judgment should be ordered for the defendant. *Buckley* v. *Railway Express Agency, Inc.*, 323 Mass. 448.

BERNARD COHEN

of Brockton for the plaintiff.

OWEN R. CARVIGAN

of Boston for the defendant.