ANNIE O. KINGMAN *vs.* LYNN AND BOSTON RAILROAD COMPANY.

Middlesex.     March 19, 1902. — May 21, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence*, On street railway. *Evidence. Practice, Civil.*

In an action against a street railway company for an injury caused by the plaintiff tripping over an iron ring attached to a trap door in the slats forming the floor of a car, which was standing erect instead of lying in the depression made to hold it, the plaintiff and other passengers testified, that the ring was standing erect immediately after the accident and was then pushed down with an umbrella by a passenger, and that repeatedly thereafter, whenever the car started after a stop, the ring rose and remained upright until pushed down by some passenger or the conductor. *Held*, that the evidence was competent, as tending to show, that the defendant should be charged with knowledge of the dangerous condition of the car or with negligence on the part of the conductor in not ascertaining the danger, as there was no reason to infer that anything about the car was different at the time to which the testimony referred from what it had been when the car left the barn after its morning inspection. *Held, also,* that knowingly to use a car in that condition was negligence on the part of the defendant; and, if the device for raising the trap door was allowed to get into and remain in such a condition that the ring usually rose when the car started, it was negligence not to discover and remedy that condition.

Where a witness was instructed, that he could testify to a general rule or practice but not to one or two instances of a certain occurrence, and testified, that he had observed such a practice or rule, and later, on cross-examination, testified, that he could not tell whether the event in question happened once a month, once a week, or once a year, but he should say, that it happened only occasionally, it was *held*, that this inconsistency was not a sufficient reason for striking out the testimony, but that the jury should be left to deal with it in view of the inconsistency.

TORT for injuries caused by the plaintiff tripping over an obstruction on the floor of a car of the defendant. Writ dated February 9, 1900.

At the trial in the Superior Court before *Sheldon*, J., the jury

returned a verdict for the plaintiff in the sum of $1,150 ; and the defendant alleged exceptions.

The following is a statement of the case made by *Barker*, J. :

The plaintiff entered as a passenger one of the defendant's electric street cars. She went in through the front door and finding the car very full stood near the door with a number of parcels upon her arm. After the car started she walked toward the rear to take a seat. The floor surface was of wooden slats in which was an iron ring used to lift a trap. The ring when not raised for that purpose was so designed as to lie flat even with or a little below the surface of the floor in a depression toward the front door from the point at which the ring was attached. When up the ring could be put down only toward the front door. While the plaintiff was walking to her seat she tripped, fell and was injured. She testified that as she started she caught her toe in the ring and that it threw her down. Another witness testified that when the plaintiff started forward the ring stood up and that when the plaintiff stepped over it she went headlong and the bundles flew and the conductor came in and helped her up, and that after the plaintiff fell a lady with an umbrella poked the ring back. The plaintiff also testified that she did not see the ring until after she caught her toe, that when she sat down she looked to see what it was she tripped over, that she saw the ring and that a lady took an umbrella and pushed it down in place. Another passenger testified that she saw the plaintiff enter the car and stand by the door, and that just as the car started a lady beckoned to the plaintiff to go to a seat, and the plaintiff went in that direction and caught her foot in the ring and fell, and that after the accident the ring was pushed down by a lady who had an umbrella.

Each of these three witnesses testified under exception that they did not notice the ring before the time of the accident and that they did notice it during the time they were in the car after the accident. The first witness testified under exception that the ring would fly up almost every time the car started after stopping. The plaintiff testified under exception that the ring would come up when the car started, that the lady pushed it down three or four times and that the conductor came in then and kicked it down, and also, upon cross-examination, that after

the accident she saw the ring coming up a number of times, and that the woman put it down with her umbrella, that the passengers were all talking about it, and that when the car would start the ring would go up. Her testimony that after she sat down she looked to see what she tripped over and saw the ring was also under exception. The testimony excepted to from the third witness was to the effect that the conductor pushed the ring down with his foot at another time after the accident and that the ring rose every time the car started after a stop. This witness also testified upon cross-examination that she noticed the ring come up frequently after the accident and that it was pushed down by a lady after the plaintiff fell and that the witness saw the conductor come in and push it down and saw it pushed down more than once by a lady with an umbrella.

The defendant introduced the testimony of a civil engineer who described the car and testified to a plan of the flooring. It then called its electrician, its assistant electrician, its employee who had charge of the repairs of cars, its master mechanic, a superintendent and another electrician, all of whom were familiar with the car except one and he had been present at certain experiments made with the car to ascertain whether the ring could be made to rise by starting the car. The evidence of these witnesses tended to show that the car originally had been purchased of a reputable maker, and had been changed by the defendant from a horse car to an electric car; that the traps were put in to give access to the electrical apparatus; that the ring was a device in common use and as safe as any known, and that the car had been inspected daily, and had been found all right in the morning both on the day of the accident and the day before, that none of these witnesses had ever heard or known of a ring coming up because of any motion of the car and that the rings remained in place when the car had been stopped and started in the course of experiments tried with a view to ascertain whether the rings could be made to rise by starting the car, that there was no known appliance so good for the purpose as the ring, and that the witnesses knew of no connection which could possibly be made between the electric motor and the ring to cause the ring to rise in the operation of the car.

The defendant then called the person who was the conductor

of the car on the day of the accident, November 28, 1899. He testified that he thought the plaintiff fell from stepping on her dress; that she had not reached the place where the rings were when she fell; that he did not go and push down the rings, did not see any woman with an umbrella pushing them down, and never after the accident saw any rings rise in the operation of the car. Upon cross-examination he testified that he never saw one of the rings rise when the car started, never knew of any other person hitting his toe against the ring in his car and falling, and did not remember a woman with a little girl riding in his car previous to the time of this accident who caught her toe in the ring of this car and was thrown; that he had operated this car and other cars of the same pattern for some time before, and had never known of any passenger being thrown down by a ring coming up in the car. The defendant also called the motorman, who testified that he opened the front door for the plaintiff, that she stood up and held the car handle after he had started the car, and he saw no more of her after that, and that he started the car easily and there was no unusual jerking of the car.

In rebuttal the plaintiff called a witness whose testimony was objected to as incompetent at that stage of the case and was admitted in the discretion of the presiding judge. The bill of exceptions did not state that an exception was taken to the admission of this testimony. The testimony was to the effect that in the fall of 1898 the witness was riding on this car in charge of the same conductor and with her little girl; that they entered the car at the front door, her daughter preceding her, and that when she had just left the door the daughter caught her foot in the ring and fell.

The plaintiff then called one Welch, formerly a conductor of the defendant upon this car, but no longer in the defendant's service. Under a ruling that the witness could not testify as to whether he saw the ring rise once or twice, but might as to whether there was a general practice or rule as to cars of that pattern, the witness said he could speak as to cars of that kind, and then followed this question and answer: *Q.* " At what time — when would they rise, at what point in the movement of the cars? " *A.* " Either starting or stopping I have observed it."

Upon cross-examination the witness said that he could not tell whether the rings rose once a month, once a week or once a year, and that he should say they rose only occasionally.

At the close of the testimony of this witness the defendant asked that all his testimony be stricken out. The judge said there was an inconsistency, but that it should be left to the jury, and the defendant excepted to the ruling.

At the close of all the evidence the defendant asked the judge to rule that there was no evidence in the case to warrant the jury in finding that the defendant or its servants or agents were negligent, and excepted to a refusal so to rule.

*H. F. Hurlburt & S. B. Darling*, for the defendant.

*F. S. Hesseltine*, for the plaintiff.

BARKER, J.   After a verdict for the plaintiff the case is here upon the defendant's exceptions.

1. The first three exceptions are to the admission of the testimony of the plaintiff and two other passengers, present at the accident, that the ring in which the plaintiff testified that she caught her foot was standing erect immediately after the accident and was then pushed down by another passenger with an umbrella, and that repeatedly thereafter the same ring whenever the car started after a stop rose and remained upright until pushed down by some passenger or by the conductor.

The evidence was competent. There was no reason to infer that anything about the car was different at the time to which the testimony referred from what it had been when the car left the barn after its morning inspection. If during the time testified to the ring rose frequently as the car started and remained up until pushed down this tended to show that it had been doing the like since its use on that day began.

Knowingly to use a car in that condition was negligence on the part of the carrier, and the evidence was competent to show that the car had been in fact in that condition for so long a time before the plaintiff became a passenger that the defendant should be charged with knowledge of the dangerous condition, or with negligence on the part of the conductor in not ascertaining the danger.

2. The fourth exception is to the refusal to strike out all the

testimony of the ex-conductor called in rebuttal. It is not contended that his evidence upon direct examination was incompetent, but that his whole testimony shows that he was speaking of occasional occurrences only and not of a general or ruling practice. The court was right in ruling that the testimony was inconsistent with itself, and in leaving the jury to deal with it in view of the inconsistency.

3. As above stated, in the testimony of the first three witnesses as to the action of the ring at the time of and immediately after the accident there was evidence which would warrant the jury in finding that the defendant and its servants were negligent. However reputable the builder from whom the car had been bought, and however usual the particular device of the ring, if the device was allowed to get into and remain in a condition which usually raised it when the car started, it was negligence not to discover and remedy that condition.

*Exceptions overruled.*