MORANDA R. MARTIN *vs.* OLD COLONY STREET RAILWAY COMPANY.

Plymouth.   March 25, 26, 1912. — May 21, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCourcy, JJ.

*Negligence,* Street railway.   *Carrier,* Of passengers.   *Evidence,* Competency.

A woman passenger in a vestibule street car, who, having followed a direction of the conductor to leave the car by the forward door, is attempting to alight from the front platform, is not negligent as matter of law in failing to hold up the skirt of her dress which hangs two inches from the ground.

In an action by a woman passenger against a street railway company for injuries sustained when the plaintiff was alighting from the front platform of a vestibule car of the defendant, it appeared that the conductor had directed the passengers to leave the car by the forward door, that the plaintiff walked out upon

the platform and reached the first step when the bottom of her dress, which hung two inches from the ground, caught on the sand-plunger, which consisted of a metal pin projecting from the floor of the vestibule, and she was thrown down. The jury found in answer to special questions that the sand-plunger as it was located was necessary for the car and that it was in improper condition. There was evidence warranting a finding that the plunger projected farther above the floor than usual, and it could be inferred that this would not happen unless the pin was bent or worn or otherwise out of order. *Held*, that there was evidence for the jury that the accident was due to the defendant's negligence.

In an action by a woman passenger against a street railway company for injuries sustained, when the plaintiff was alighting from the front platform of a vestibule car of the defendant, by reason of the bottom of the plaintiff's dress catching on the sand-plunger, which consisted of a metal pin projecting two inches above the floor of the vestibule and held in place by its own weight, if it appears that the plaintiff in alighting from the car had been directed by the conductor to go through the front vestibule where it was necessary for her to pass near the sand-plunger which was likely to escape her notice, the jury can find that the motorman of the car in the proper performance of his duty to the plaintiff should have taken some precaution for her safety, either by temporarily removing the pin or guarding it with his foot or by warning her of its presence.

In an action by a woman passenger against a street railway company for injuries sustained, when the plaintiff was alighting from the front platform of a vestibule car of the defendant, by reason of the bottom of the plaintiff's dress catching on the sand-plunger, which consisted of a metal pin projecting two inches above the floor of the vestibule and held in place by its own weight, a witness, who testifies that in releasing the plaintiff's dress she did not pull up the pin, also may be allowed to testify that immediately after the accident the motorman pressed the sand-plunger down, this tending to show that at the time of the accident the pin was out of place and was higher than was necessary or usual.

TORT for personal injuries sustained by the plaintiff on January 10, 1908, when she was alighting from the front platform of a vestibule car of the defendant. Writ dated January 19, 1910.

In the Superior Court the case was tried before *Fessenden*, J. The facts which could have been found upon the evidence are stated in the opinion.

At the close of the evidence the defendant asked for the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover."

"3. The fact that the sand-plunger on which the plaintiff's dress was caught protruded one or two inches above the floor of the vestibule is of itself no evidence of the defendant's negligence."

"7. There is no evidence of any defect in the sand-plunger on which the plaintiff's dress caught, and your verdict must be for the defendant.

"8. There is no evidence which will justify you in finding that the motorman was negligent because he did not remove the plunger before the plaintiff came out upon the platform to leave the car."

The judge refused to make any of these rulings, and submitted the case to the jury. He also submitted to them two special questions, which with the answers of the jury were as follows:

"1. Was the sand plunger as it was located necessary for the car?" The jury answered "Yes."

"2. Was it in improper condition?" The jury answered "Yes."

The jury returned a verdict for the plaintiff in the sum of $1,000; and the defendant alleged exceptions.

*Asa P. French,* (*J. S. Allen, Jr.,* with him,) for the defendant.
*O. Storer,* for the plaintiff.

DeCOURCY, J. As the plaintiff was alighting from the front platform of the defendant's car the bottom of her dress caught upon the sand-plunger in the vestibule and she fell to the pavement. The plunger is a metal pin with a round head; it is inserted vertically in a hole in the floor, within which it may move up and down freely, and is held in position by its own weight. When pushed down by the motorman's foot it presses against a lever upon which it rests, and thereby opens a valve in the sand box; and when the foot is removed a spring pulls the plunger back into place.

The jury were warranted in finding that there was no negligence in the conduct of the plaintiff contributing to the accident. The conductor had directed the passengers to leave the car by the forward door, and she had walked out upon the platform and reached the first step when her dress caught and she was thrown down. The bottom of her skirt hung two inches from the ground, and the defendant's contention that, as matter of law, she was careless because she failed to hold it up when alighting is untenable.

And we cannot say that the evidence did not warrant a finding that the accident was due to the defendant's negligence. The jury specially found that the sand-plunger was in improper condition. It is true the evidence on this point was meagre; but it would warrant a finding that the plunger projected farther above the floor than usual, and it could be inferred that this would not happen unless the pin was bent or worn, or otherwise out of order.

The judge rightly refused to give the eighth request. The defend-

ant might be found liable for such an accident, even though the mechanism and appliances in the vestibule were in proper condition and adapted to perform the work for which they were installed. In alighting from the car the plaintiff had been invited to pass through the front vestibule and in close proximity to the electrical apparatus, brake gear and other equipment, and the duty devolved upon the defendant's motorman to protect her from any danger incident to their presence by the exercise of the highest degree of care consistent with the practical performance of all his other duties. If it became necessary for her to pass near a sand-plunger which normally projected two inches above the floor and was likely to escape her notice, the jury could find that the motorman in the proper performance of his duty to her should have taken some precaution for her safety, either by temporarily removing the pin, or guarding it with his foot or warning her of its presence.

What has been said disposes of the requests for rulings. The evidence that a different sand appliance was used on some of the defendant's cars is immaterial in view of the jury's answer to the first special question. The testimony that the motorman pressed the sand-plunger down into place immediately after the accident was rightly admitted. The witness added that when she released the plaintiff's dress she did not pull the pin up. This evidence tended to show at least that at the time of the plaintiff's injury the pin was out of place and higher than necessary or usual. *Kingman* v. *Lynn & Boston Railroad,* 181 Mass. 387.

*Exceptions overruled.*