· CHARLES J. FLAHERTY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    October 15, 1923. — November 28, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Negligence,* Street railway.

At the trial of an action against a street railway company for personal injuries, there was evidence that the plaintiff, who by reason of the crowded condition of a street car of the defendant was riding on the rear platform, at a stopping place stepped partially down from the car to let passengers pass and on returning to the car had his hand upon the grip rail to which was tied a trolley rope which he did not notice, and that while he was still holding to the grip rail the car came to a switch of a temporary crossover, the trolley jumped from the wire and the slack of the trolley rope wound around the plaintiff's hand and fingers, injuring him. After the accident the con-

ductor attached the trolley rope to the back of the car. The evidence disclosed no appliances on the car for adjusting the slack of the trolley rope and preventing it from being thrown upward suddenly and with force when the trolley left the wire. *Held,* that

(1) A finding was warranted that, in the proper exercise of that high degree of care which the conductor owed to his passengers, he should have attached the rope to some part of the car where it would not be likely to interfere with their safety;

(2) There was evidence on the question of negligence of the defendant which should have been submitted to the jury.

TORT for personal injuries received by the plaintiff when he was a passenger on the rear platform of a street car of the defendant and a trolley rope became entangled with his hand. Writ dated April 5, 1918.

In the Superior Court, the action was tried before *Quinn,* J. Besides the material evidence described in the opinion, it appeared that the plaintiff testified that " after the accident, the conductor attached the trolley rope to the back of the car." At the close of the evidence of the plaintiff, the judge on motion of the defendant ordered a verdict in its favor. The plaintiff alleged exceptions.

*F. T. Conley,* for the plaintiff.

*H. S. MacPherson,* for the defendant, submitted a brief.

DECOURCY, J. On the testimony, these are the facts. The plaintiff boarded a small box car of the defendant, and stood on the rear platform, as the seats and aisle were occupied. The car stopped to allow two passengers to alight; whereupon the plaintiff stepped partially down to let them pass, having one foot on the ground and one on the step, with his right hand holding the grab rail. The end of the trolley rope was tied to this rail, but the plaintiff did not notice it. The car again started in response to the conductor's signal; and, while the plaintiff was stepping to the platform and still holding the grab rail, the car came to a switch of a temporary crossover, when the trolley jumped from the wire and the slack of the trolley rope wound around his hand and fingers, causing the injuries complained of. The only question presented is whether there was evidence of negligence on the part of the defendant entitling the plaintiff to go to the jury.

Concededly the trolley was liable to come off the wire, especially at a temporary switch. So far as the meager record discloses, there was no appliance on this car for adjusting the slack of the trolley rope and preventing it from being drawn upward suddenly and with force when the trolley left the wire. The jury could find that, in the proper exercise of that high degree of care which the conductor owed to his passengers, he should have attached the rope to some part of the car where it would not be likely to interfere with their safety. He must have known that passengers frequently in boarding or alighting from the car take hold of the grab rail provided for that purpose. And we are of opinion that the jury could find that he ought to have anticipated that such an accident as this was likely to happen if the trolley should leave the wire and the trolley rope be jerked upward while a passenger was properly using the grab handle to assist him in entering the car. No necessity is disclosed for fastening the rope in such an improper and dangerous place. *Denver City Tramway Co.* v. *Hills,* 50 Col. 328. *Martin* v. *Old Colony Street Railway,* 211 Mass. 535. *Kingman* v. *Lynn & Boston Railroad,* 181 Mass. 387, 392.

*Exceptions sustained.*