ELLEN COOK *vs.* BOSTON ELEVATED RAILWAY COMPANY.

THOMAS E. COOK *vs.* SAME.

Suffolk.    March 11, 1926. — May 26, 1926.

Present: BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Negligence*, Elevated railway: escalator in station. *Evidence*, Competency.

At the trial of an action against an elevated railway company for injuries suffered when the plaintiff's thumb, as she was riding on an escalator running from the street level to a platform of an elevated station maintained by the defendant, was caught in a hole in the travelling hand rail, there was evidence that the hand rail was badly worn, especially at the edges and in the middle, so that there was no lustre or polish to it; that there were places where the fabric showed through the covering; that as each section went over the top there was a place where it bulged; that it was tight "at each end" but bulged in the middle; that it was old, dirty and worn out; that the filling in it could be seen coming out; and that there was a place where any one could put his hand in underneath it. *Held*, that

    (1) A finding was warranted that the rail was unsafe because it was worn and defective and that the defendant could have known of its condition and remedied it; distinguishing *Conway* v. *Boston Elevated Railway*, 255 Mass. 571;

    (2) A finding that the condition of the rail was the cause of the plaintiff's injury was warranted.

At the trial of the action above described, evidence offered by the plaintiff that on several occasions before the accident an employee of the defendant had stood near a switch and had shut off the power, thereby stopping the escalator, properly was excluded, there being nothing to show that an employee was stationed there regularly or that the defendant was legally required to provide an attendant for that purpose or that its failure to do so contributed to the accident.

TWO ACTIONS OF TORT described in the opinion. Writs dated November 8, 1923.

In the Superior Court, the actions were tried together before *Weed*, J. Material evidence is described in the opinion. The jury returned a verdict for the plaintiff in the first action in the sum of $3,575 and a verdict for the plaintiff in the second action in the sum of $80. Before the verdicts were recorded, the judge with the consent of the jury

reserved leave to enter verdicts for the defendant. There-after the defendant moved for a new trial on the ground that the verdicts were excessive and also moved that verdicts be entered for the defendant. The judge ordered the entry of verdicts for the defendant and reported the actions to this court for determination, stating in his report: "I am satisfied that said verdicts were excessive, but have reserved my decision on said motions for a new trial until the ques-tions herein reported have been determined. If my action in directing that the verdicts be entered for the defendant was wrong, then the verdicts of the jury shall stand, subject to the defendant's motions for a new trial. If I was correct in directing verdicts for the defendant then said verdicts shall stand."

*P. F. Spain*, (*F. R. Mullin* with him,) for the plaintiffs.

*A. F. Bickford*, for the defendant.

CROSBY, J. The plaintiff in the first case, a girl ten years old, accompanied by her parents, was a passenger on the premises of the defendant, and was injured while passing on an escalator from the street level of the Egleston Square Station in Boston to the train platform. She brings this action to recover for such injuries. Hereafter she will be referred to as the plaintiff. The second action is brought by her father to recover for consequential damages.

At the defendant's Egleston Square Station a double escalator was maintained with two passageways running from the street floor up to the train level. It was not of the step type, but was a travelling chain or tread, equipped with a leather or rubber covered hand rail about two and a half or three inches wide that moves simultaneously with the treads.

The plaintiff testified that she boarded the escalator on the floor level and had hold of the hand rail with her right hand all the way up; that she walked up and had hold of the hand rail when she got to the top; that her thumb became caught in a little hole where the rail went over the top and that her whole hand was dragged down into the slot on the floor. There was evidence tending to show that the hand rail was badly worn, especially at the edges and in the middle;

that it was worn down so that there was no lustre or polish to it; that there were places where the fabric showed through the covering; that as each section went over the top there was a place where it bulged; that it was tight "at each end" but bulged in the middle. There was also evidence that it was old, dirty and worn out, that the filling in it could be seen coming out, and that there was a place where any one could put his hand in underneath it.

It could not have been ruled that the burden of proving contributory negligence of the plaintiff, which rested on the defendant, had been maintained, and we do not understand the defendant so contends. G. L. c. 231, § 85.

Upon the question of negligence of the defendant, the jury could have found upon the evidence that the moving hand rail was so old and worn that the material with which it was filled was coming out; that it not only had the appearance of being old and worn, but had been in that state for a sufficient length of time to charge the defendant with knowledge of its defective condition. It could have been further found that the defective condition of the rail was a contributing cause of the plaintiff's thumb and hand being drawn into the hole, causing the injuries complained of. The jury were warranted in finding that the rail was unsafe because it was worn and defective and that the defendant could have known of its condition and remedied it. *Myers* v. *Hudson Iron Co.* 150 Mass. 125. *Kingman* v. *Lynn & Boston Railroad,* 181 Mass. 387. *Boucher* v. *Robeson Mills,* 182 Mass. 500. *Bennett* v. *Jordan Marsh Co.* 216 Mass. 550. *Flaherty* v. *Boston Elevated Railway,* 247 Mass. 44. *Bagnell* v. *Boston Elevated Railway,* 247 Mass. 235, 237. The case at bar is distinguishable in its facts from *Conway* v. *Boston Elevated Railway,* 255 Mass. 571.

The plaintiff offered to prove that on several occasions before the accident an employee of the defendant had stood near a switch and had shut off the power, thereby stopping the escalator. The exception to the exclusion of this evidence cannot be sustained. There is nothing to show that an employee was stationed there regularly or that the defendant was legally required to provide an attendant for

that purpose or that its failure to do so contributed to the accident.

In accordance with the terms of the report, the verdicts for the plaintiffs returned by the jury are to stand, subject to the defendant's motions for a new trial.

*So ordered.*