ANNIE MULRY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 5, 6, 1931. — January 26, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* Street railway, Res ipsa loquitur. *Evidence,* Presumptions and burden of proof.

The question, whether the doctrine *res ipsa loquitur* is applicable in an action of tort, may be raised by the plaintiff under a general allegation in the declaration of negligence on the part of the defendant. Per PIERCE, J.

The doctrine *res ipsa loquitur* was not applicable, nor was there affirmative evidence of the defendant's negligence, at the trial of an action of tort against a street railway company for personal injuries sustained by a passenger on one of the defendant's cars, where the evidence showed merely that the plaintiff took a seat in the car beside another passenger; that subsequently he got up to let the other passenger out of the seat; that "everything was apparently all right up to that time"; that, while going back into the seat, he was thrown into it when he caught his leg upon a thick piece of iron projecting three inches; that the iron supported the wooden part of the seat; and that the seat was broken and pushed back.

TORT.    Writ dated February 5, 1926.

The action was tried in the Superior Court before *W. A. Burns,* J. Material evidence is stated in the opinion. Subject to leave reserved under G. L. c. 231, § 120, a verdict for the plaintiff was recorded in the sum of $1,250. The judge thereafter ordered entered a verdict for the defendant. The plaintiff alleged an exception.

*J. J. Butler,* for the plaintiff.

*J. J. O'Neill,* for the defendant.

PIERCE, J.    This is an action of tort brought to recover for injuries sustained by the plaintiff while a passenger for hire upon one of the cars of the defendant. The case was tried and submitted to a jury upon five counts of a declaration, all for the same cause of action. The first four counts charge particular acts of negligence which caused the alleged injury. The fifth count is a general allegation of negligence and permitted reliance by the plaintiff upon the principle of *res ipsa*

*loquitur. McNamara* v. *Boston & Maine Railroad,* 202 Mass. 491. *Tobin* v. *Pittsfield Electric Street Railway,* 206 Mass. 581. *McDonough* v. *Boston Elevated Railway,* 208 Mass. 436, 440. *Washburn* v. *R. F. Owens Co.* 258 Mass. 446. Upon the return of a verdict for the plaintiff, the judge reserved leave to enter a verdict for the defendant and subsequently entered such a verdict. The case is before the court on the plaintiff's exception saved to the order directing an entry of judgment for the defendant.

The facts disclosed upon the testimony of the plaintiff and which the jury would have been warranted in finding are, in substance, as follows: In February, 1925, the plaintiff boarded a trolley car of the defendant at Oakland Street, in Brighton, intending to ride thereon to Waltham. Upon entering the car she took a cross seat about half way in the car. The seat was comfortable to sit upon, was apparently all right, and looked just like any other seat in the car. In the same seat a stout woman was seated next to the window. Near Waverley Street that woman arose, apparently intending to alight. The plaintiff stepped out to let the lady pass her, and as she went back into the seat she got her left leg in all right, and then a piece of iron caught her right leg and threw her into the seat, causing the damage of which she complains. The plaintiff looked to see what had caught and saw that the seat was broken, that it was pushed back and a piece of iron was projecting; that the iron was a thick piece and was holding up the wooden part of the seat. She "didn't do anything then except push further in the seat near the window and sat there." She noticed the appearance of the seat after the iron struck her leg. The "seat had pushed back, a sort of triangle, and the part near the window was pulled out a little bit. The seat was held on the side by something in near the window but on the outer side on the aisle it wasn't. There was . . . about three inches of the iron exposed that caught . . . [her] leg and threw . . . [her] into the seat."

In cross-examination the plaintiff testified that she had said to an investigator of the defendant "that a big stout woman sat next to the window and she sat on the outside of

the seat; that everything was apparently all right up to that time; that around Marlboro Street the stout woman wanted to get out so she got up and let her out of the seat; that everything was fine up to that time; that when she next noticed the seat it was pushed back; that she did say 'the iron was all exposed on account of the seat being pushed back. When I struck my leg I struck with such force I fell forward towards the window into the seat'; that she sat down in the same seat and rode to Water Street; that she did not speak to the conductor at the time of the accident; that she never called to the conductor's attention that there was anything out of order with the seat."

At the trial, outside the testimony of the plaintiff above narrated, no evidence was offered or introduced on behalf of the plaintiff or the defendant which pictured to the jury the broken seat, or, assuming it was broken, would enable them or the judge to determine, or reasonably infer, when the seat became broken; nor any evidence that a similar break in a seat had ever happened before on any car, or that the defendant in the exercise of the duty it owed its passengers should foresee that a wooden seat such as the one in question would in use become broken and leave exposed the pedestal and irons which upheld it. There is no evidence in the case that the seat was not of standard design and in common use, or that it was broken, defective or dangerous, or that, had it been properly inspected, it would have shown that it was broken or in a condition that it was likely to become broken in use.

The plaintiff to establish her right relies solely upon the principle of *res ipsa loquitur*, and cites *White* v. *Boston & Albany Railroad*, 144 Mass. 404, *Kingman* v. *Lynn & Boston Railroad*, 181 Mass. 387, *Gregory* v. *American Thread Co.* 187 Mass. 239, *Weinschenk* v. *New York, New Haven & Hartford Railroad*, 190 Mass. 250, *Silva* v. *Boston & Maine Railroad*, 204 Mass. 63, *Martin* v. *Old Colony Street Railway*, 211 Mass. 535, *Scott* v. *Boston Elevated Railway*, 276 Mass. 21. We think these and related cases do not support the plaintiff's contention; that this is a case where the mere happening of the accident affords no presumption of negli-

gence; that the burden was upon the plaintiff to offer affirmative evidence of the defendant's negligence from which the jury could find or reasonably infer that the defendant had failed to use the due care which the law required it to use toward its passengers. See *Perkins* v. *Bay State Street Railway*, 223 Mass. 235; *Luca* v. *Eastern Massachusetts Street Railway*, 271 Mass. 432. It follows that the entry of the verdict was properly ordered and that the exceptions are overruled.

*So ordered.*