DAVID SHERMAN & another, executors, *vs.* METROPOLITAN TRANSIT AUTHORITY. March 28, 1963. Exceptions overruled. There was a verdict for the defendant (M. T. A.) in this action to recover for the death of the plaintiffs' testator who was struck by an M. T. A. bus. The judge did not err in excluding the plaintiffs' questions to the bus operator, called by the plaintiffs, about his alleged prior inconsistent statements to a motor vehicle

registry inspector when an adequate foundation had not been established for such questions.  Cf. *Malloy* v. *Coldwater Seafood Corp.* 338 Mass. 554, 567.  The plaintiffs did not offer in evidence a report to M. T. A. by the bus operator allegedly inconsistent with the latter's testimony.  The exclusion of questions about the contents of the report, marked only for identification, was proper, where the report itself was available.  A report to the registry inspector by the bus operator was not shown to have been made by or in the presence of any M. T. A. agent authorized to make admissions (see *Barrett* v. *Wood Realty Inc.* 334 Mass. 370, 373–374) or to have been sufficiently free from ambiguity to be contradictory of the operator's testimony.  There was no error in excluding questions to the inspector about the report.  Exclusion of the plaintiffs' questions to one Flynn (called by them), who saw the accident, about alleged inconsistency between his testimony at the trial and prior testimony was not prejudicial.  Both statements were before the jury and any inconsistency (which pictures of the bus indicate was negligible) could have been considered by them.  Questions by counsel for M. T. A. to the bus operator about the range of vision from the operator's seat did not call for an opinion on the ultimate issue for the jury.  See *Shea* v. *Boston Elev. Ry.* 217 Mass. 163, 165.  Cf. *McNeil* v. *New York, N. H. & H. R.R.* 282 Mass. 575, 579; *Birch* v. *Strout,* 303 Mass. 28, 32.  The judge, in the absence of counsel who were not notified (see *Haven* v. *Brimfield, ante,* 529, 532–533), answered a question presented by the jury after they had retired to deliberate.  These additional instructions were adequate when read in the context of the original charge.

*Stanley M. Epstein* for the plaintiffs.

*Charles S. Walkup, Jr.,* for the defendant.