*Municipal Court of the City of Boston*
No. 139790

**ROLAND DOUGLAS, p.p.a.,**

v.

**R. H. WHITE CORPORATION**

Argued: May 24, 1968   Decided: June 21, 1968

*Present:* Gillen, J. (Presiding), Lewiton, and Shamon, J.J.

Case tried to *Gorassi, Sp. J.,*

*Lewiton, J.* In this action, the plaintiff sued to recover for personal injuries sustained by him while riding on an escalator owned or controlled by the defendant corporation, while the plaintiff was on the defendant's premises as a business invitee. The declaration was in one count alleging that the injuries resulted from the negligence of the defendant. To this, the defendant set up the defenses of general denial, contributory negligence, and assumption

of risk. After filing of the original pleadings, the plaintiff was required to specify in what respect the defendant was negligent, in response to which he filed the following specification:

"The plaintiff specifies that the defendant was negligent in not having an agent, servant or employee on the scene as a guard for the prevention of injuries as the plaintiff sustained and to be present and to halt the escalator immediately on notice that an injury was sustained or being aggravated because machine was not brought to a halt."

At the close of the trial, the court in essence denied several requests for rulings filed by the defendant, including one to the effect that "the evidence does not warrant a finding that the defendant, its agents or servants were negligent." Thereafter, the trial judge made specific detailed findings of fact, including a finding that the defendant was negligent, and he found for the plaintiff.

The report which states that it contains all of the evidence material to the issues presented, contains no evidence to support a finding of negligence of the type specified by the plaintiff. However, the defendant is not now in a position to rely on the absence of such evidence since it requests for rulings did not specifically refer to the variance between the specification of negligence and the proof. *Snow* v. *Metro-*

*politan Transit Auth.*, 323 Mass. 21, 24; *Murphy*
v. *Brilliant Co.*, 323 Mass. 526, 530; *Weiner* v.
*D. A. Schulte, Inc.*, 275 Mass. 379, 385. However, we conclude that the defendant was entitled to the requested ruling that the evidence did not warrant a finding of negligence on its part, and the failure to grant such requested ruling was error.

All of the evidence reported on the issue of negligence is contained in the following paragraph from the report:

"Monica Douglas testified she was the mother of the plaintiff and brought her son and two other children to the defendant's store on December 18, 1964 to shop. Her mother-in-law also accompanied them. Mrs. Douglas took the elevator from the third floor down to the second floor, holding the plaintiff who was in front of her by the hand. Approximately one-half way down, the plaintiff started to cry and Mrs. Douglas observed smoke coming from the plaintiff's boot. The escalator then stopped and an employee of the defendant pulled the boy from the escalator. Mrs. Douglas observed a hole burned on the boy's rubber boot, sock and underwear."

The plaintiff had the burden of proving that the premises of the defendant were not reasonably safe in their construction or maintenance. *Brooks* v. *Sears, Roebuck & Co.*, 302 Mass. 184, 187; *Conway* v. *Boston Elevated Ry. Co.*, 255

Mass. 571, 573; *Mulry* v. *Boston Elevated Ry. Co.*, 278 Mass. 210, 213.

The plaintiff concedes that there is no specific evidence of negligence on the part of the defendant, but argues that on the facts of this case, the doctrine of *res ipsa loquitur* justified an inference of negligence and therefore warranted the finding by the trial court. See *Reardon* v. *Boston Elevated Ry.*, 247 Mass. 124. *Fitchburg Gas & Electric Light Co.*, v. *Samuel Evans Constr. Co. Inc.*, 338 Mass. 752. *Garrett* v. *M. McDonough Co.*, 297 Mass. 58. (Compare *Knych* v. *Trustees of N.Y., N.H. & H. R.R.*, 320 Mass. 339, where the Supreme Judicial Court held that if the plaintiff's injury was caused by one portion of the coupling apparatus on cars operated by the defendants and within their sole control, the evidence would not have warranted a finding of negligence (page 341), whereas if the jury believed evidence showing a different version of the accident, involving other portions of the coupling apparatus, the doctrine of *res ipsa loquitur* would permit a finding of negligence on the part of the defendant (page 320). )

This is not a case where the mere happening of the accident would warrant a finding of negligence on the part of the defendant in the construction or maintenance of the escalator in question. There was no evidence to show the location, nature, or size of any opening in the mechanism of the escalator in which the plain-

tiff's boot was caught. There is nothing to indicate that the design or construction of the escalator was such as to create an appreciable risk in the course of its operation that any part of the person or clothing of passengers riding on the escalator might be caught in it. Neither was there any evidence "that the mechanism was out of order, or that it was not the type in common use, or that any safer mechanism was in use anywhere or had been devised for guarding" against the type of accident which occurred here. *Knych* v. *Trustees of N.Y., N.H. & H. R.R.*, 320 Mass. 339, 341.

The instant case is controlled by *Conway* v. *Boston Elevated Ry.*, 255 Mass. 571, in which the doctrine of *res ipsa loquitur* was held to be inapplicable. In that case, there was evidence that the plaintiff had been holding a moving belt as she went up the escalator, and as she reached the top of the escalator, her left hand became caught in a slot into which the belt ran after going over the top; that the slot was about two and one-half or three inches wide and the rail was about one inch and one-half wide; that the belt passed around over the top of the escalator, it "kind of flapped; kind of rattled . . . it kind of jumped a little bit . . . it flopped . . . was loose." The Supreme Judicial Court, in sustaining the direction of a verdict for the defendant by the trial judge, said:

"We may take judicial notice of the fact that

escalators are in general use by the defendant in Boston. While it is the duty of the defendant to exercise reasonable care under the circumstances to maintain and operate them, an action based on negligence cannot be maintained unless it is proved affirmatively that the escalator is in a defective condition due to the act or omission of the defendant. There is no evidence in the case at bar to show that this escalator was in a defective condition which caused or contributed to the plaintiff's injury, apart from the looseness of the belt. If it be assumed that such looseness caused the injury, there is no evidence to show the length of time this condition had obtained, or whether it was due to any act of others, who may have had access thereto. The burden of proving liability rests upon the plaintiff. To hold otherwise would entitle an injured person to recover upon mere conjecture and speculation.

"The doctrine of *res ipsa loquitur* is not applicable to the present case. There is no description of the mechanism of the escalator or what method, if any, might have been used to tighten the belt if it became loose, so that at no time would there be a space less than three and one half inches deep. Nor was there any evidence as to how many persons were using the escalator at the time of the accident or what the strain then was upon the belt or whether, because of such strain, the space between it and the wood beneath was larger than would

ordinarily occur. Nor is there any evidence that the belt, when in good condition, would not wave and make a "slapping" noise. And there is no evidence of any other accidents from the alleged cause to charge the defendant with notice that the belt in question was defective. In other words, by reason of lack of evidence respecting the mechanism of the escalator, it could not properly be said that in the ordinary evperience of mankind the accident would not have happened without fault of the defendant. Hence *res ipsa loquitur* has no application."

**Finding for the plaintiff vacated. Judgment to be entered for the defendant.**

FRANK E. BERMAN
    of Boston for the Plaintiff
BADGER, PARRISH, SULLIVAN & FREDERICK
    for the Defendant