*Municipal Court of the City of Boston*

No. T-18889

## LILLIAN G. LUCIER

v.

## PRUDENTIAL INSURANCE COMPANY OF AMERICA

Argued: Feb. 20, 1970 - Decided: Feb. 26, 1970.

*Present:* Adlow, C.J., Lewiton, Morrissey, J.J.
Case tried to *Gillen, J.,* in the Municipal Court of the City of Boston.

*Lewiton, J.* In this action of tort for personal injuries sustained as a result of a fall

on an escalator in the Prudential Building in Boston, there was a finding for the plaintiff. The declaration alleged that the defendant was in possession and control of the Prudential Building while the plaintiff was an invitee there, and that the plaintiff was injured by reason of the negligence of the defendant, its agents or servants. The answer contained a general denial and the further defenses of contributory negligence and assumption of risk. The case is here on the defendant's claim that it was aggrieved by the trial court's denial of certain requested rulings.

From the report, the following appears to be all of the evidence which was introduced on the issue of the defendant's liability:

The plaintiff, in company with three other persons, had gone to the Prudential Center on May 14, 1967; she paid fifty cents to enter the observation area on the top floor of the building; when she came down in the elevator to the lobby and took an escalator to the garage located one floor below, "the escalator gave a jerk and this jerk threw her down, which caused her to fall." There was further evidence that the plaintiff's daughter, who was several feet behind the plaintiff on the escalator, felt the jerk in the escalator and saw her fall; that the mother-in-law of the plaintiff's daughter, who was behind the latter, was caused to fall forward upon the daughter; that all of the members of the plaintiff's party had

been holding on to the rubber arm guard on the escalator as they descended.

At the close of the trial the defendant requested certain rulings of law which were denied by the court. The denial of one of these rulings, to the effect that the evidence did not warrant a finding that the defendant, its agents or servants were negligent, was erroneous and this error is decisive of the case.

It is apparent from the foregoing summary of the evidence that there was nothing before the trial judge to indicate that the defendant did in fact have control of the Prudential Building, or have any responsibility whatever for the construction or maintenance of the escalator therein at the time of the accident. While the plaintiff in her declaration alleged such control, she had the burden of proving such facts. *Buck* v. *Clauson's Inn,* 349 Mass. 612, 615. *Sherman* v. *Texas,* 340 Mass. 606. *Underhill* v. *Shactman,* 337 Mass. 730, 733. *Nunan* v. *Dudley Properties, Inc.,* 325 Mass. 551, 553.

It cannot be assumed from the mere fact that the building is known as the Prudential Building, and is located in the area known as the Prudential Center, that this corporate defendant had possession and control of the premises. In the absence of any further evidence on that issue, the defendant was entitled to its requested ruling that a finding of negligence on its part was not warranted.

Moreover, the evidence as reported did not sustain the burden of proving that the jerk of the escalator, which caused the plaintiff to fall, was attributable to any negligence on the part of the party in control of the escalator. The plaintiff had the burden of proving that the escalator was not reasonably safe in its construction or maintenance. *Conway* v. *Boston Elevated Ry., Co.*, 255 Mass. 571, 573-4. See *Brooks* v. *Sears, Roebuck & Co.*, 302 Mass. 184, 187. *Mulry* v. *Boston Elevated Ry. Co.*, 278 Mass. 210, 213.

The report is completely barren of any reference to evidence showing any fault in the construction or mechanism of the escalator in question, or that there was any failure to exercise reasonable care in its maintenance. There was nothing in the evidence to indicate that the escalator "gave a jerk" on any other occasion, before or after the plaintiff's accident, or that there was any indication prior to the occasion of the plaintiff's fall that the escalator had been operating in an irregular manner.

On the evidence reported here, the doctrine of *res ipsa loquitur* is not applicable. See *Conway* v. *Boston Elevated Ry., Co.*, 255 Mass. 573 *Douglas* v. *R. H. White Corp.*, Vol. 77, 19 LEGALITE 472. cf. *Knych* v. *Trustees of N.Y., N.H., & H. R.R.*, 320 Mass. 339, 341.

*Finding for the plaintiff vacated. Judgment to be entered for the defendant.*