ALICE B. MENDUM *vs.* MASSACHUSETTS BAY TRANSPORTATION AU-
THORITY & another. February 15, 1974. In this action of tort the plaintiff
seeks to recover for injuries sustained as a result of a fall while ascending
an escalator operated by the defendant Massachusetts Bay Trans-
portation Authority (M.B.T.A.). The plaintiff's exceptions are to the
allowance of directed verdicts for the M.B.T.A. and for the defendant
Otis Elevator Company which maintained and repaired the escalator
under the supervision of the M.B.T.A. The case is before us on the
plaintiff's outline bill of exceptions which reveals no evidence of specific
acts or omissions constituting negligence on the part of either defendant.
The plaintiff asserts that this is a case for the application of the doctrine
formerly denominated *res ipsa loquitur* applicable only where the
plaintiff sustains the burden of showing that under the circumstances,
according to ordinary experience, the accident would not have happened
except for the negligence of the defendant. *Boyle* v. *Cambridge Gas
Light Co.* 331 Mass. 56, 63 (1954). *Ginsberg* v. *Metropolitan Transit
Authy.* 333 Mass. 514, 516 (1956). *Evangelio* v. *Metropolitan Bottling
Co. Inc.* 339 Mass. 177, 179-180 (1959). The erratic behavior of the
escalator suggests causes not shown to be within the exclusive control of
the defendants as, for example, manipulation of its movement by
unauthorized persons. It cannot be said that the plaintiff's burden has
been sustained particularly where, as here, the entire transcript has not
been filed (Appeals Court Rule 1:22 [4] [1972]) and the bill of exceptions
does not state that it contains all the evidence material to the question
presented. *Gurll* v. *Massasoit Greyhound Assn. Inc.* 325 Mass. 76, 77
(1949). *Schnepel* v. *Kidd,* 332 Mass. 137, 138 (1954). *Ginsburg* v. *Gross,*
334 Mass. 709 (1956). On this evidence we cannot say that this case
required its submission to the jury. Cf. *Swistak* v. *Paradis,* 288 Mass.
377, 380 (1934).

*Exceptions overruled.*
*Avram G. Hammer (Joseph Gorfinkle* with him) for the plaintiff.
*James G. Fay* for Massachusetts Bay Transportation Authority.
*Thomas R. Morse, Jr.,* for Otis Elevator Company.