Cowdrey, P.J.
This is an action in tort to recover for personal injuries sustained by the plaintiff in a fall upon the defendant’s business premises. The sole question for review is the propriety of the trial court’s allowance of the defendant’s Dist./Mun. Ct. R. Civ. P., Rule 41(b)(2) motion for dismissal submitted at the conclusion of the plaintiffs evidence.
The report evidence may be summarized as follows: On January 5, 1981, the plaintiff went to a department store in the Burlington Mall, Burlington, Massachusetts, to have buttons re-sewn on a coat originally purchased in the store. The store is owned and controlled by the defendant. The department store has two floors, access to which is by means of elevators and two escalators. The escalators are located in the center of the store. The plaintiff had ridden on these escalators on many previous occasions and had, at such times, always observed them to be in motion.
At the time of the incident in question, the plaintiff was riding on the down-escalator from the second floor to the first floor. The plaintiff was wearing leather boots with flat, leather heels; was holding her purse on her shoulder with one hand and had the other hand resting on the escalator railing. When the plaintiff was approximately half way down to the first floor, the escalator allegedly “jerked to a sudden stop” causing the plaintiff to be thrown and to strike her back on one of the steel steps which is a component of the escalator’s revolving metal floor plates.
The plaintiff was assisted to her feet by another store patron and walked to the *320 bottom of the escalator. The plaintiff testified that the escalator was not then operational and that she did not again notice it in motion while she was in the store. The plaintiff then proceeded to the coat department, located at the back of the first floor, and informed a sales clerk of her mishap. The clerk telephoned one Dora Stephanian, and employee of the defendant who was familiar with the escalators, who was on duty that day in the store and who was authorized to complete accident reports on injuries to store customers. Stephanian testified that the escalator was operational and that she rode down on it from her second floor store office to interview the plaintiff. Stephanian also stated that she knew of no prior problems with the mechanism, and that the defendant’s accident was the only accident involving a report of a sudden escalator stop.
Dora Stephanian completed an accident report solely on the basis of information furnished by the plaintiff. A section of the accident report form is entitled "Probable Cause of Accident or Occurrence.” In a box in this section marked "Mechanical Defect (Kind),” Stephanian recorded “escalator suddenly stopped.”
The plaintiff injured her back and knee in the fall and required medical attention. The plaintiff also was absent from work until January ¡2. 1981, although she did work the remainder of the day of the Januaiy 5, 1981 incident.
At the close of the plaintiff s evidence, the defendant submitted a Dist./Mun. Cts. R. Civ. P., Rule 41(b)(2) Motion for Dismissal on the following grounds:
1. There is insufficient evidence as a matter of law to support or warrant a verdict on the plaintiffs cause of action.
2. The plaintiff has produced no evidence of specific acts or omissions constituting negligence on the part of the defendant.
3. Upon the facts and the law, the plaintiff has shown no right to relief.
Treating the defendant's motion as one for a directed finding, the trial court granted said motion and cited in support thereof the case of Mendum v. Massachusetts Bay Transp. Auth., 1 Mass. App. Ct. 800 (1974).
The plaintiff thereafter instituted this appeal on a charge of error in the trial court’s entry of a directed finding for the defendant.
1. Although the defendant’s motion was captioned as one for involuntary dismissal pursuant to Dist./Mun. Cts. R. Civ. P. Rule 41(b)(2), the specific grounds enumerated therein support the trial court’s treatment of the motion as one for a “directed finding.” So treated, the allowance of the defendant’s motion, submitted at the close of the plaintiff s evidence, raised on this appeal the sole question of whether a finding in favor of the plaintiff was permissible. Menici v. Orton Crane & Shovel Co., 285 Mass. 499, 500-501 (1934).
Viewing the evidence in the light most favorable to the plaintiff, [DeLeo v. Jefferson, 331 Mass. 317, 318 (1954); Carideo v. Camoscio, 1980 Mass. App. Div. 105, 106], we conclude that insufficient evidence was presented to warrant recovery by the plaintiff and the defendant was thus entitled to a finding in its favor as a matter of law.
2. The burden rested upon the plaintiff herein to establish by a preponderance of the evidence that her injuries were proximately caused by a negligent act or omission of the defendant. Falvey v. Hamelburg, 347 Mass. 430, 435 (1964); Bernardi v. Menicks, 340 Mass. 396, 399-400 (1960). The defendant owed the plaintiff, as a business invitee, the duty to maintain its business premises in a reasonably safe condition. Ventor v. Marianne, Inc., 1 Mass. App. Ct. 224, 225 (1973); Paquette v. Bradley, 348 Mass. 326, 327 (1965). The report is entirely devoid of any direct evidence of the defendant’s breach of that duty of care.
The plaintiff s presentation was almost solely restricted to an account of a fall *321 upon an escalator. The mere occurrence of the plaintiffs fall or accident did not establish negligence. Zarillo v. Stone, 317 Mass. 518 (1945); Atkins v. Martin Jordan, Inc., 36 Mass. App. Dec. 67, 68 (1965). Similarly, the defendant’s installation and utilization of an escalator cannot be deemed negligence, for an escalator is not the type of mechanism which is considered per se a dangerous instrumentality. See Conway v. Boston Elev. Rwy. Co., 255 Mass. 571, 573 (1926). The defendant cannot thus be held liable for a failure to issue some warning to business invitees, especially on the facts of this case wherein evidence was presented of the non-existence of prior incidents or problems with the escalator. No duty to warn of potential dangers arises in the law of torts unless the person on whom the duty rests has a reason to believe that a warning is necessary.
3. The contention of the plaintiff that Doria Stephanian’s accident report constitutes evidence of negligence, in the form of an agent’s admission of the existence of a mechanical defect, is without merit.
We note initially that even direct evidence of an escalator defect herein would not have been sufficient, standing alone, to sustain a finding for the plaintiff. Bernstein v. Highland Assoc. of Worcester, Inc., 1 Mass. App. Ct. 132, 134 (1973). The defendant was not an insurer of the plaintiffs safety; and would have been entitled before any liability arose to a reasonable opportunity both to become informed of any hazardous condition on its premises and to take appropriate measures to correct the same. See generally, Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263, 264 (1961). In addition to actual proof of the existence of a defect, the plaintiff would thus have been required to demonstrate that the defendant created the defect, was actually aware of it or had sufficient time to discover and remedy it before the incident in question occurred. Oliveri v. Massachusetts Bay Tranp. Auth., 363 Mass. 165, 167 (1973); Molarelli v. Hayes-Bickford Lunch Sys., 320 Mass. 763, 764 (1946). The report discloses nothing which would satisfy these requisite components of the plaintiff s burden of proof.
Even viewing the evidence in the light most favorable to the plaintiff, however, the contents of the accident report completed by Stephanian cannot be tortured into an admission of liability by the defendant. The report was not the end product of an investigation undertaken by the defendant which included an examination of the escalator mechanism and which culminated in a recognition of the existence of a mechanical defect. The accident report constitutes not a declaration by the defendant but exactly what the reported evidence explains it to be, namely, a form completed by a store employee which sets forth, and is based exclusively upon, the plaintiffs account of the incident in question. Further, there is no evidence herein that Stephanian’s authority to complete such reports was the functional equivalent of authority unilaterally to investigate and isolate the cause of a customer accident and to bind the defendant by such determination. See Steward v. Worcester Gas Light Co., 341 Mass. 425, 436-437 (1960); Sherman v. M.T.A., 345 Mass. 777 (1963).
4. Finally, an invocation by the trial court of what has been traditionally denominated as the doctrine of res ipsa loquitur was not required herein.
Res ipsa loquitur principles have frequently been deemed inapplicable to cases involving escalator accidents in the absence of evidence concerning the escalator mechanism and a defect therein. See Mendum v. Massachusetts Bay Transp. Auth., 1 Mass. App. Ct. 873 (1974); Nessralia v. Massachusetts Port Auth., 49 Mass. App. Dec. 55, 59 (1972); Lucier v. Prudential Ins. Co. of Amer., 44 Mass. App. Dec. 65, 68 (1970); Douglas v. R.H. White Corp., 42 Mass. App. *322 Dec. 36, 41-42 (1968). See also Lazarro v. Blanchard & Co., 11 Mass. App. Dec. 109, 111 (1956). “By reason of lack of evidence respecting the mechanism of the escalator, it could not properly be said that in the ordinary experience of mankind the accident would not have happened without fault of the defendant. Hence res ipsa loquitur has no application.” Douglas v. R.H. White Corp., supra at 42. As the report is devoid of any evidence herein as to the general mechanism operation of the escalator, the trial court was not at liberty to discount the possibility that the escalator’s sudden stop resulted from the “manipulation of its movement by unauthorized persons,” Mendum v. Massachusetts Bay Transp. Auth., supra at 873; or from triggering of the escalator’s safety mechanisms by some improper action of another store person.
The doctrine of res ipsa loquitur will not be applied:
if there is any other reasonable or probable cause from which it might be inferred that there was not negligence at all; nor does it apply in any instance when the agency causing the accident is not under the sole and exclusive control of the person sought to be charged with the injury.
Wilson v. Colonial Air Transp. Incorp., 278 Mass. 420, 425 (1932). See also Carney v. Boston Elev. Rwy. Co., 212 Mass. 179, 180-181 (1912). Stated alternatively, all the facts in this case do not “point to carelessness” by the defendant as the rational explanation for the plaintiffs mishap. Haller . E.A. Spry & Co., 45 Mass. App. Dec. 23, 33 (1970).
5. There being no error in the trial court’s judgment for the defendant, the report is dismissed.